JOHN B. KOTMAIR, JR., PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 6716-84.        Filed June 19, 1986.

John B. Kotmair, Jr., pro se.
*John F. Dean*, for the respondent.

KORNER, *Judge*: Respondent determined deficiencies of income tax and additions to tax against petitioner for the years and in the amounts as follows:

| Calendar year | Deficiency of tax | *Additions to tax* *sec. 6653(b)* [1] |
|---|---|---|
| 1974 | $81,551.80 | $40,775.90 |
| 1975 | 73,748.90 | 36,874.45 |
| 1976 | 267,774.70 | 133,887.35 |

In addition to the above determinations, respondent, in his answer filed herein, affirmatively pleaded, as an alternative to his determinations of additions to tax under section 6653(b), that if the Court should find such additions to tax not applicable, petitioner was liable for additions to tax for each of the above years under the provisions of section 6651(a)(1) and also under section 6653(a).

After concessions,[2] the issues which we must decide are:

(1) Whether petitioner had unreported income for each of the years 1975 and 1976, and the amount thereof.

(2) Whether, in the computation of petitioner's income under issue 1 above, petitioner is entitled to use the completed contract method of accounting, or is required to use the cash receipts and disbursements method.

(3) Whether petitioner failed to file income tax returns for his calendar years 1975 and 1976.

(4) Whether a part of any underpayment of tax in each of the years 1975 and 1976 is due to fraud within the meaning of section 6653(b).

(5) In the event that the Court determines that additions to tax under section 6653(b) are not proper, whether petitioner is liable for additions to tax for the years 1975 and 1976 under the provisions of sections 6651(a)(1) and 6653(a).

### FINDINGS OF FACT

A large part of the evidence herein was stipulated by the parties, and such stipulations of fact, with accompanying exhibits, are incorporated herein by this reference.

---

[1] All statutory references are to the Internal Revenue Code of 1954 as in effect in the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure, except as otherwise noted.

[2] Respondent's statutory notice and pleadings herein, as noted, covered all 3 of the years 1974, 1975, and 1976. On brief, however, respondent has conceded that petitioner suffered a net loss for the year 1974, so that there is no deficiency due for that year. Accordingly, the year 1974 will be excluded from our further findings of fact and opinion, except to the extent events occurring in 1974 may be relevant to the years 1975 and 1976.

At the time of filing his petition herein, petitioner was a resident of Westminster, Maryland. During the years 1975 and 1976, petitioner was self-employed as a homebuilder, doing business as Free State Homebuilders, a sole proprietorship. Petitioner kept no regular set of books on any recognizable system of accounting with respect to his business. His records consisted of a mass of receipted bills, canceled checks, bank statements and the like, some of which were gathered together in folders or envelopes, apparently representing petitioner's attempt to allocate certain income and expenses to certain jobs he was working on during the year. Other such documents did not appear to relate clearly to any particular job and were not segregated.

In his statutory notice, respondent purported to redetermine petitioner's income on the cash receipts and disbursements basis. Respondent, however, treated all of petitioner's business receipts as income; except for allowing $221 and $19 as interest expense in 1975 and 1976, respectively, and allowing $984 of depreciation on petitioner's truck in each year, no other business deductions were allowed. As the result of stipulations and concessions at trial, however, and based upon the evidence presented, we find that petitioner's income from his business was as follows in the years in question:

|  | 1975 | 1976 |
|---|---|---|
| Gross receipts | $181,868.25 | $461,896.98 |
| Cash business expenses | [1](181,283.32) | [2](445,709.04) |
| Depreciation | (984.00) | (984.00) |
| Net income (loss) | (399.07) | 15,203.94 |

[1]The gross receipts figure for this year was stipulated, and most of the expense figures were either stipulated or, as conceded by respondent, were uncontested by petitioner. Respondent, however, failed to credit petitioner with the cost of a property sold in the year. The parties stipulated that the sales price was $52,500, and the profit on the sale was $2,073.62. The resulting cost of the property, in the amount of $50,426.38, was not stipulated, and was omitted from respondent's computation (in his requested findings) of petitioner's costs and expenses for the year.

[2]Respondent made the same error here as he did for the preceding year; see note 1 *supra*. The parties stipulated that petitioner sold a certain lot in 1976 at a price of $62,000 and with a profit of $6,401.33 Although including the sales price in petitioner's gross receipts, respondent failed to include the resulting cost figure of $55,598.67 in petitioner's allowable costs.

In the year 1975, petitioner also had a long-term capital gain resulting from the sale of a lot in Florida which he had purchased in 1970. His gain is computed as follows:

| | | |
|---|---|---|
| Sales price of lot | | $6,700.00 |
| Less: Cost of lot | $2,950.00 | |
| Expenses of sale | 679.50 | 3,629.50 |
| Gain on sale | | 3,070.50 |
| Reportable gain after sec. 1202 deduction | | 1,535.25 |

In his statutory notice, respondent further allowed certain itemized deductions and exemptions to petitioner in each year, and recomputed petitioner's tax upon the basis of a married taxpayer filing a separate return, none of which was contested by petitioner. Finally, respondent determined petitioner was liable for additions to tax for fraud under section 6653(b), and, in the alternative, made claim in his answer herein for additions to tax under sections 6651(a)(1) and 6653(a) for each year.

Petitioner duly and timely filed income tax returns for 1971, 1972, and 1973. Thereafter, he apparently suffered a change of heart. For the years 1974, 1975, and 1976, petitioner filed Forms 1040 for each year (sometimes more than one for each year) which, after giving his name, address, social security number, and employment status, and stating that he was married filing a separate return, gave no further information with respect to his income, deductions, exemptions, or any other information from which his taxable income and tax could be determined. Instead, by means of footnotes, interlineations, and numerous printed materials attached to the Forms 1040, petitioner made it clear that he did not intend to give any of the information called for by the return forms. Instead, he objected to doing so on numerous frivolous and meritless tax protester grounds.[3] In effect, petitioner made it clear

---

[3] Such grounds included, inter alia, petitioner's assertions that the paper money of the United States was not legal currency; that the information called for in the return forms was a violation of his rights under the Fifth Amendment of the Constitution; that he was entitled to a trial by jury; that the Federal Government was improperly spending the taxpayers' money, etc., etc. Such grounds have repeatedly been held to be meritless, and deserve no further scholarly discussion. *McCoy v. Commissioner*, 696 F.2d 1234 (9th Cir. 1983); *Edwards v. Commissioner*, 680 F.2d 1268 (9th Cir. 1982); *Torkelson v. Commissioner*, T.C. Memo. 1983-116.

that he had no intention of filing an individual income tax return, and challenged the Federal Government's right to make him do so.

The Federal Government accepted petitioner's challenge, and in 1981, after a jury trial, petitioner was convicted of willfully failing to file income tax returns for the years 1975 and 1976, under the provisions of section 7203, and was imprisoned for a period of 2 years and fined the sum of $10,000.

Petitioner's failure to file timely income tax returns for 1975 and 1976 was not due to reasonable cause and was due to his willful neglect.

Petitioner's failure to file income tax returns for each of the years 1975 and 1976 was due to his negligence or intentional disregard of rules and regulations.

## OPINION

With respect to the amounts of petitioner's unreported income for the years 1975 and 1976, the matter is essentially factual, and we have done the best we could with the record presented to us. Although respondent's original statutory notice of deficiency essentially allowed petitioner no business deductions with respect to his homebuilding business, the parties had, by the time of trial, reached agreement and stipulated as to substantial amounts of petitioner's business expenses for the years 1975 and 1976 which would be allowable herein, and we have taken these concessions and stipulations into account in our findings of fact.[4] Our findings with regard to petitioner's gross receipts for each year are based on the stipulations of the parties and, for the most part, our findings as to allowable business expenses are based on the same stipulations, corrected for two obvious omissions in respondent's computations which are evident from the record. Although numerous other exhibits were admitted at trial, relating to various expenditures by petitioner in the years in question, no serious effort was made by petitioner to relate them to his business nor to justify them as allowable business expenses. We cannot therefore allow them.

---

[4] Such cooperation between the parties further resulted in respondent's concession that petitioner had no taxable income for the year 1974.

At trial and on brief, petitioner devoted almost all his efforts to an argument that he was entitled to have his income for each year computed under the completed contract basis of accounting, and that, if such basis were used, the result would show that he actually suffered a net loss in each of the years in question. However, petitioner completely failed in his burden of proof to show that a proper recomputation of his income under the completed contract basis of accounting would produce results any different from such recomputation on the cash receipts and disbursements basis, which we have used.

More importantly, the facts of this case make it clear that petitioner was not entitled to use the completed contract method of accounting.

Section 446 provides in pertinent part:

SEC. 446(a). GENERAL RULE.—Taxable income shall be computed under the method of accounting on the basis of which the taxpayer regularly computes his income in keeping his books.

(b) EXCEPTIONS.—If no method of accounting has been regularly used by the taxpayer, or if the method used does not clearly reflect income, the computation of taxable income shall be made under such method as, in the opinion of the Secretary, does clearly reflect income.

In this case, as we have found, the taxpayer kept no books, and, with respect to the fragmentary records which the taxpayer did keep, there is no way to determine what method of accounting was used. Under the above-quoted section of the Code, respondent was therefore entitled to reconstruct petitioner's income on the cash receipts and disbursements basis, which he undertook to do, and which we hold he was entitled to do. *England v. Commissioner*, 34 T.C. 617 (1960). Where a taxpayer keeps no established books or any regular system of accounting, his income is to be recomputed on the cash receipts and disbursements basis. *Williams v. Commissioner*, T.C. Memo. 1966-143; *Clover v. Commissioner*, a Memorandum Opinion of this Court dated Dec. 10, 1942, affd. on other grounds 143 F.2d 570 (9th Cir. 1944). Furthermore, even where the use of the completed contract method may be otherwise permissible, as in the case of a building contractor, such use requires that the taxpayer make such election by a statement attached to his tax return for the year, and that proper

books and records be kept showing the allocation of costs to the long-term contracts. Secs. 1.451-3(a)(2) and 1.451-3(d)(5), Income Tax Regs. Petitioner here did neither.

We turn now to the issues involving the proposed additions to tax, as contended for by respondent in the alternative.

The documents which petitioner filed for the years 1974, 1975, and 1976, purporting to be income tax returns, were introduced in evidence. As we have found, they were protester-type documents of the more virulent sort which, after disclosing petitioner's name, address, social security number, and occupation, gave no further information from which his income and tax liability could be determined, and in fact clearly refused to do so, on various meritless and frivolous legal and constitutional grounds. Such forms were clearly not income tax returns within the requirements of the Internal Revenue Code. *United States v. Porth*, 426 F.2d 519 (10th Cir. 1970), cert. denied 400 U.S. 824 (1970); *Edwards v. Commissioner*, 680 F.2d 1268 (9th Cir. 1982); *United States v. Daly*, 481 F.2d 28 (8th Cir. 1973), cert. denied 414 U.S. 1064 (1973). It was petitioner's filing of these documents, and his announced position therein with respect to the income tax, which led to his indictment and conviction for willful failure to file returns for 1975 and 1976. On this basis, and apparently on this basis alone, respondent seeks to impose the 50-percent additions to tax for fraud for each of the years 1975 and 1976, under the provisions of section 6653(b).[5] For purposes of this section, fraud is the intentional commission of an act or acts for the specific purpose of evading a tax believed to be owing. See *Webb v. Commissioner*, 394 F.2d 366 (5th Cir. 1968), affg. T.C. Memo. 1966-81; *McGee v. Commissioner*, 61 T.C. 249 (1973), affd. 519 F.2d 1121 (5th Cir. 1975), cert. denied 424 U.S. 967 (1976). The existence of fraud is a question of fact to be determined from the entire record. *Grosshandler v. Commissioner*, 75 T.C. 1 (1980); *Stratton v. Commissioner*, 54 T.C. 255 (1970). The burden of proof rests on respondent, and he must meet that burden with clear and convincing

---

[5] As it read in the years in issue, sec. 6653(b) read in pertinent part as follows:

SEC. 6653(b). FRAUD.—If any part of any underpayment (as defined in subsection (c)) of tax required to be shown on a return is due to fraud, there shall be added to the tax an amount equal to 50 percent of the underpayment. * * *

evidence. Sec. 7454(a); Rule 142(b); see *Cefalu v. Commissioner*, 276 F.2d 122 (5th Cir. 1960), affg. T.C. Memo. 1958-37; *Imburgia v. Commissioner*, 22 T.C. 1002 (1954). Fraud is never presumed but rather must be established by affirmative evidence. *Beaver v. Commissioner*, 55 T.C. 85 (1970). Fraud may be inferred by any conduct, the effect of which would be to mislead or conceal. *Spies v. United States*, 317 U.S. 492, 499 (1943). Circumstantial evidence is permitted where direct evidence of fraud is not available, and fraud may properly be inferred where an entire course of conduct establishes the necessary intent. *Rowlee v. Commissioner*, 80 T.C. 1111 (1983); *Stone v. Commissioner*, 56 T.C. 213 (1971).

In the circumstances of this case, we must decide whether respondent has met his burden of proof to establish fraud within the meaning of section 6653(b). This Court and other courts have not been hesitant to impose the addition to tax for fraud, where there has been an intentional failure or refusal to file a return[6] (*Stoltzfus v. United States*, 398 F.2d 1002 (3d Cir. 1968), cert. denied 393 U.S. 1020 (1969); *Cirillo v. Commissioner*, 314 F.2d 478 (3d Cir. 1963), affg. in part and revg. in part T.C. Memo. 1961-192; *Beaver v. Commissioner*, *supra*), but in each case, there was also present some other and independent evidence of fraudulent intent, such as by concealing information from the examining agents, filing false W-4 Forms, and the like, apart from the single fact of nonfiling, itself. *Powell v. Granquist*, 252 F.2d 56 (9th Cir. 1958); *Irolla v. United States*, 182 Ct. Cl. 775, 390 F.2d 951 (1968); *Rowlee v. Commissioner*, *supra*; *Habersham-Bey v. Commissioner*, 78 T.C. 304 (1982); *Dailey v. Commissioner*, T.C. Memo. 1984-89; *Fuhrmann v. Commissioner*, T.C. Memo. 1982-255.

In other cases, however, the mere failure to file—where the taxpayer openly advises that he is refusing to file, giving his reasons therefor, and where there is no evidence of falsification, concealment, or deception, or other facts which would support a finding of fraudulent intent—has been held to be insufficient to establish fraud (*Muste v. Commissioner*, 35 T.C. 913 (1961); see *Zell v. Commissioner*,

---

[6] As we have indicated, "tax protester returns" of the type involved here are not really returns at all.

763 F.2d 1139, 1144-1146 (10th Cir. 1985)), and this has also been true even in cases where the taxpayer did not advise respondent of his failure to file. *Jones v. Commissioner*, 259 F.2d 300 (5th Cir. 1958), revg. 25 T.C. 1100 (1956); *First Trust & Savings Bank of Davenport, Iowa v. United States*, 206 F.2d 97 (8th Cir. 1953).[7]

Thus, although it is not possible to reconcile all the cases precisely, since each one depends to a large extent on its own facts, we think that a discernible and intelligible pattern can be drawn from the decided cases. It is this: that for purposes of the fraud addition to tax under section 6653(b), the mere failure to file a return, standing alone, is not sufficient. Although such fact may be considered in conjunction with other facts in the case (*Beaver v. Commissioner, supra*), there must in addition be some other fact proved which would establish fraudulent intent. Such proof, including circumstantial evidence (*Rowlee v. Commissioner, supra*), can be accomplished in many ways. Compare *Rechtzigel v. Commissioner*, 79 T.C. 132 (1982), affd. 703 F.2d 1063 (8th Cir. 1983); *Marcus v. Commissioner*, 70 T.C. 562 (1978), affd. 621 F.2d 439 (5th Cir. 1980) (fraud established through facts deemed admitted pursuant to sanctions under Rule 104(c); *Doncaster v. Commissioner*, 77 T.C. 334 (1981) (fraud allegations deemed admitted under Rule 37(c); *Mann v. Commissioner*, T.C. Memo. 1982-662 (fraud established through compelled stipulations of fact under Rule 91(f); *Pimbley v. Commissioner*, T.C. Memo. 1982-103 (fraud established through deemed admissions under Rule 90).

We conclude that respondent must fail on the fraud issue in this case. The facts here show that petitioner's failure to file was fully disclosed to respondent. Beyond that, however, respondent has produced no evidence in this case to support his allegation of fraud. There was no evidence of any falsification of books or records, no evidence of any concealment or misleading, and for all that this record shows, petitioner's scanty records were available to the examining agents. All that respondent can point to is petitioner's open and declared intention not to comply with

---

[7] See also *Nelson v. Commissioner*, T.C. Memo. 1983-225; *DePumpo v. Commissioner*, T.C. Memo. 1971-115; *Morrell v. Commissioner*, T.C. Memo. 1971-99.

respondent's filing requirements, and his failure to do so. Petitioner's tax protester arguments, advanced in such excruciating detail in the lengthy attachments to his Forms 1040, may have been meritless, frivolous, wrongheaded, and even stupid, but we cannot hold that they amounted to fraud, without something more. Were we to do so, every failure-to-file protester case would be automatically converted into a fraud case. The additions to tax under section 6653(b) in this case are accordingly not approved.

Our disposition of the fraud issue in favor of petitioner now requires us to consider the propriety of respondent's alternative position that additions to tax under section 6651(a)(1) and section 6653(a) should be imposed in this case.[8]

Respondent's alternative position was asserted in his answer filed herein, and not in his statutory notice of deficiency, and accordingly respondent must bear the burden of proof with respect to both these new matters. Rule 142(a).

In addition to the facts presented in this case, respondent pleaded and relies upon the doctrine of collateral estoppel to establish petitioner's liability for the additions to tax under both sections 6651(a)(1) and 6653(a). This argument is based upon the fact, as we have found, that petitioner was convicted of the willful failure to file income tax returns for both the years 1975 and 1976, under the provisions of section 7203.[9]

The doctrine of collateral estoppel is intended to avoid repetitious litigation by precluding the relitigation of any issue of fact or law that was actually litigated and that culminated in a valid and final judgment. *Montana v. United States*, 440 U.S. 147, 153 (1979). The doctrine will only apply to situations in which the matter raised in the

---

[8] Had we found in favor of respondent on the fraud issue, respondent's alternative position with respect to secs. 6651(a)(1) and 6653(a) would have been foreclosed. Secs. 6653(a), 6653(d).

[9] As in effect in the years in issue, sec. 7203 provided:

Any person required under this title to pay any estimated tax or tax, or required by this title or by regulations made under authority thereof to make a return (other than a return required under authority of section 6015), keep any records, or supply any information, who willfully fails to pay such estimated tax or tax, make such return, keep such records, or supply such information, at the time or times required by law or regulations, shall, in addition to other penalties provided by law, be guilty of a misdemeanor and, upon conviction thereof, shall be fined not more than $10,000, or imprisoned not more than 1 year, or both, together with the costs of prosecution.

subsequent suit is "identical in all respects with that decided in the first proceeding and where the controlling facts and applicable legal rules remain unchanged." *Commissioner v. Sunnen*, 333 U.S. 591, 599-600 (1948); *Sydnes v. Commissioner*, 74 T.C. 864, 869 (1980), affd. 647 F.2d 813 (8th Cir. 1981); *Amos v. Commissioner*, 43 T.C. 50, 53-54 (1964), affd. 360 F.2d 358 (4th Cir. 1965).

The fact that was conclusively established by petitioner's conviction under section 7203 was that he had *willfully* failed to file a return for each of the years 1975 and 1976. "Willful" means the voluntary, intentional violation of a known legal duty (*United States v. Pomponio*, 429 U.S. 10, 12 (1976), rehearing denied 429 U.S. 987 (1976); *United States v. Bishop*, 412 U.S. 346 (1973); *United States v. Murdock*, 290 U.S. 389 (1933)), and the word "willful" means the same thing in all of sections 7201 through 7207, *United States v. Bishop, supra.* The addition to tax provided by section 6651(a)(1) is imposed unless it is shown that the taxpayer's failure to accomplish a timely filing is "due to reasonable cause and not due to willful neglect."[10] Petitioner's conviction under section 7203 thus conclusively established the fact that his failure to file was not due to reasonable cause and was due to willful neglect, and he is accordingly collaterally estopped to contend otherwise herein. *Raley v. Commissioner*, T.C. Memo. 1982-610, affd. without published opinion 716 F.2d 891 (3d Cir. 1983); *Hudgens v. Commissioner*, T.C. Memo. 1985-587; *Paddock v. Commissioner*, T.C. Memo. 1985-586; *Wolk v. Commissioner*, T.C. Memo. 1985-112; see *Castillo v. Commissioner*, 84 T.C. 405, 409 (1985); *Gemma v. Commissioner*, 46 T.C. 821, 834 (1966).

With regard to the application of the doctrine of collateral estoppel to the proposed addition to tax under section 6653(a), it does not appear that this or other courts have yet had occasion to speak on the point. We find, however,

---

[10] Sec. 6651(a)(1) provides in pertinent part as follows:

SEC. 6651(a). ADDITION TO THE TAX.—In case of failure—

(1) to file any return required under authority of subchapter A of chapter 61 * * * on the date prescribed therefor * * * unless it is shown that such failure is due to reasonable cause and not due to willful neglect, there shall be added to the amount required to be shown as tax on such return 5 percent of the amount of such tax if the failure is for not more than 1 month, with an additional 5 percent for each additional month or fraction thereof during which such failure continues, not exceeding 25 percent in the aggregate;

that the collateral estoppel argument is equally applicable and persuasive in this situation. The addition to tax under section 6653(a) is imposed if any part of the underpayment of tax is "due to negligence or intentional disregard of rules and regulations."[11] We think that petitioner's conviction of willful failure to file returns for 1975 and 1976 under section 7203 conclusively establishes the following propositions: (a) That petitioner had the duty to file such returns; (b) that he failed to do so; and (c) that his failure to do so was willful, i.e., that he intentionally disregarded applicable rules and regulations requiring the filing of returns (sec. 6012(a)(1)(A), sec. 1.6012-1, Income Tax Regs.).

Since, as our findings show, there was unreported adjusted gross income in each year, it may result that in the necessary recomputation of petitioner's tax liability herein under Rule 155, there will be an underpayment of tax for one or both years. If so, respondent will have proved all the necessary elements to warrant the imposition of the additions to tax under sections 6651(a)(1) and 6653(a) for such year or years. Cf. *Barbuto v. Commissioner*, T.C. Memo. 1982-587.

*Decision will be entered under Rule 155.*

Reviewed by the Court.

STERRETT, SIMPSON, GOFFE, WHITAKER, SHIELDS, COHEN, CLAPP, SWIFT, JACOBS, GERBER, WRIGHT, PARR, and WILLIAMS, *JJ.*, agree with the majority opinion.

---

WHITAKER, *J.*, concurring: Although the Court reaches the correct result on the particular facts in this case, the majority opinion purports to establish a legal principle for application in other "failure to file" cases. Thus the majority concludes in dictum that "mere failure to file a

---

[11] As in effect in 1975 and 1976, sec. 6653(a) read as follows:

SEC. 6653(a). NEGLIGENCE OR INTENTIONAL DISREGARD OF RULES AND REGULATIONS WITH RESPECT TO INCOME OR GIFT TAXES.—If any part of any underpayment (as defined in subsection (c)(1)) of any tax imposed by subtitle A or by chapter 12 of subtitle B (relating to income taxes and gift taxes) is due to negligence or intentional disregard of rules and regulations (but without intent to defraud), there shall be added to the tax an amount equal to 5 percent of the underpayment.

return, standing alone, is not sufficient" to establish fraud. I fear that this statement, together with the reference to *Jones v. Commissioner*, 259 F.2d 300 (5th Cir. 1958), revg. 25 T.C. 1100 (1956), and *First Trust & Savings Bank of Davenport, Iowa v. United States*, 206 F.2d 97 (8th Cir. 1953), may be misleading.

An intentional failure to file a return where one is known to be required must be caused or prompted by one or more facts which we would expect to be placed in the record. In *Jones*, for example, we looked at all the surrounding circumstances and concluded that fraud was present. The Court of Appeals simply disagreed concluding that the only evidence of fraudulent intent was the failure to file two tax returns. It is misleading, however, to characterize *Jones* as an example of a "mere" failure to file; rather it is a case where on the record before it, the Fifth Circuit concluded that fraudulent intent was not shown by clear and convincing evidence.

The majority insists that to find fraud, there must be some fact showing fraudulent intent in addition to failure to file. I suggest that it is more accurate to state that in determining whether or not the fraud addition applies we look at the totality of the record, including the inferences which we may draw from circumstantial evidence. The only message that the Court's dictum should send to parties in future fraud cases is that both respondent and petitioners should make certain that the record contains all available facts relating to the failure to file as well as any other relevant evidence bearing upon the petitioner's intent. No two cases will be exactly alike and generalizations as to the level of evidence which will persuade the trier of facts to find or to fail to find fraud are simply not useful.

SIMPSON, GOFFE, CHABOT, HAMBLEN, and GERBER, *JJ.*, agree with this concurring opinion.

———

NIMS, *J.*, dissenting: This is a failure to file case only in the sense that a Porth-type return is not a valid return, and petitioner therefore has "failed to file." Petitioner's filing of the "Porth return" with the Internal Revenue Service is, nevertheless, the intentional commission of an act for the

specific purpose of evading a tax believed to be owing (*Webb v. Commissioner*, 394 F.2d 366 (5th Cir. 1968), affg. T.C. Memo. 1966-81), and, therefore, is an act of fraud. I would accordingly impose the addition to tax for fraud pursuant to section 6653(b).

PARKER, *J.*, agrees with this dissent.