ROBERT L. BENNETT, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Bennett v. Commissioner
Docket No. 10081-82.
United States Tax Court
T.C. Memo 1987-148; 1987 Tax Ct. Memo LEXIS 146; 53 T.C.M. (CCH) 403; T.C.M. (RIA) 87148; March 19, 1987. Robert L. Bennett, pro se. Louis John Zeller, Jr., for the respondent. TANNENWALD
MEMORANDUM FINDINGS OF FACT AND OPINION TANNENWALD, Judge: Respondent determined a deficiency of $18,665.99 in petitioner's Federal income tax for the taxable year 1977 and an addition to tax for fraud of $9,332.99 under section 6653(b). [1] The issues for decision are whether petitioner (1) received constructive dividends in the amounts determined by respondent, and (2) is liable for the addition to tax for fraud under section 6653(b). For convenience we have combined our findings of fact and opinion. Petitioner resided in Watertown, *147 New York at the time he filed his petition herein. During 1977, he was married to Joyce A. Bennett (who is not a party herein) and they filed a joint Federal income tax return (Form 1040A) for that year. On that return, petitioner listed his occupation as salesman but reported no taxable income attributable to him from any source; the only income reported on that return was wages earned by Joyce in the amount of $6,180.82. During 1977, petitioner was president and sole shareholder of Bobart Travel Agency, Inc. ("Bobart"), a corporation formed by petitioner in 1970 and engaged in the travel business. Petitioner maintained Bobart's books and records using the cash method of accounting. Bobart maintained checking accounts over which petitioner had signing authority, together with one Lois Parish ("Parish") who was a full-time employee of Bobart. Bobart's 1977 Federal income tax return, which petitioner signed, reported gross receipts of $1,009,409, gross income of $123,083, and taxable income (prior to an offsetting claimed net operating loss carry-forward) in the amount of $1,736. The return listed petitioner as devoting 100 percent of his time to the business of Bobart but receiving *148 no compensation therefor. On that return, Bobart took the following deductions: Rent
$21,940
Amortization
12,809
Telephone & Utilities
8,975
Travel Expenses
11,561
Miscellaneous
13,774
Respondent's determination of constructive dividends to petitioner, as set forth in the notice of deficiency, consisted of all of the above amounts attributable to amortization, travel expenses and miscellaneous and one-half of the amounts attributable to rent and telephone and utilities, for a total of $53,602. During 1977, petitioner maintained no bank account, and he and his wife, Joyce Bennett, resided at 310 Ten Eyck Street, Watertown, New York. Title to the house was in the name of Joyce Bennett. During 1977, Bobart paid at least $15,465.43 to or for the benefit of petitioner, including mortgage payments on the home at 310 Ten Eyck Street, telephone services received at the home, water supplied to the home, electricity furnished to a second home owned by petitioner's wife and maintained by petitioner, and personal expenses of petitioner and members of his family (including payments in respect of credit card charges to a credit card in petitioner's name). The foregoing *149 payments were made by checks of Bobart, many of which were signed by petitioner, the others having been signed by Parish. We first address the underlying deficiency. The burden of proof is on petitioner to show that respondent's determination is incorrect. Welch v. Helvering,290 U.S. 111 (1933); Rule 142(a). Petitioner, however, chose to present no evidence at trial beyond that covered by respondent's request for admissions which were the subject of review and ruling by the Court. [2] It seems clear that petitioner does not seriously dispute that Bobart made payments which benefited petitioner, who was Bobart's sole shareholder, and we have found that such payments were in fact made. Conferring such benefits is the hallmark of a constructive dividend. Falsetti v. Commissioner,85 T.C. 332, 356 (1985); American Properties, Inc. v. Commissioner,28 T.C. 1100, 1114-1115 (1957), affd. 262 F.2d 150 (9th Cir. 1958). On brief, petitioner seeks to persuade us that the notice of deficiency was arbitrary and capricious and that, consequently, the burden of going forward with the evidence as to the underlying deficiency shifts *150 to respondent. He premises his position on the assertion that the record herein shows that, at most, petitioner received constructive dividends in the amount of $15,465.43, a sum far less than the $53,602 determined in the notice of deficiency. He seeks to buttress his position by the fact that respondent had Bobart's books and records in his possession and that the $15,465.43 must be all the books and records show as possible constructive dividends; if that were not the case, petitioner argues, respondent would have sought admissions by petitioner of a larger amount. Petitioner misconceives the proper application of the burden of proof and the *151 burden of going forward with the evidence. Respondent was under no obligation to seek any particular amount of constructive dividends by way of a request for admissions. The function of such a request is to pin down facts as to which the requesting party believes cannot fairly be in dispute; it obviously does not extend to facts which the requesting party believes may be disputed. Consequently, no adverse inference should be drawn from the limited scope of respondent's request for admissions herein and petitioner is not relieved of his burden of proof and the burden of going forward. Nor can petitioner claim the benefit of the cases which impose upon respondent the obligation to connect petitioner with an income producing activity before requiring petitioner to satisfy his burden of proof. See Shriver v. Commissioner,85 T.C. 1, 3 (1985). Aside from the fact that the constructive dividends were not illegal income, the fact is that the notice of deficiency clearly identifies the particular elements underlying respondent's calculations, and the source of those elements was clearly identified with information in Bobart's books and records. Thus, the cases requiring *152 respondent to show a connection of the taxpayer to an income producing activity are not on point. Cf. Tokarski v. Commissioner,87 T.C. 74 (1986). Finally, the fact that Bobart's books and records were in respondent's possession also does not serve to relieve petitioner of his burden of proof and the burden of going forward. The record shows that respondent offered to make them available to petitioner for use at trial. Petitioner, for reasons of his own, chose not to avail himself of respondent's offer. He must bear the consequences of his choice. [3]
In sum, we conclude that petitioner has failed to carry his burden of proof as to the underlying deficiency and hold that respondent's determination in this respect should be sustained. [4]
*153 We turn to the issue of whether petitioner should be held liable for the additions to tax for fraud under section 6653(b). The burden is on respondent to show, by clear and convincing evidence, that some part of the underpayment is due to fraud and that petitioner had a specific purpose to evade a tax believed by him to be due and owing. Kotmair v. Commissioner,86 T.C. 1253, 1259-1260 (1986); section 7454(a); Rule 142(b). The existence of fraud is a question of fact to be determined from the entire record. 86 T.C. at 1259. Respondent may carry his burden on the basis of reasonable inferences to be drawn from that record, but he may not rely on petitioner's failure to carry his burden of proof as to the underlying deficiencies. Habersham-Bey v. Commissioner,78 T.C. 304, 311-312 (1982). Moreover, respondent need only prove that "any part of any underpayment * * * is due to fraud." Section 6653(b)(1); Estate of Beck v. Commissioner,56 T.C. 297, 362 (1971). We have found that Bobart made payments for the benefit of petitioner and his family in at least the amount of $15,465.43. We are satisfied that such payments *154 were made as part of a pattern of action conceived and implemented by petitioner which was designed to permit petitioner to avoid reporting such amounts for Federal income tax purposes and to conceal such payments from discovery by respondent. Consequently, we conclude that respondent has satisfied his burden that at least "[a] part of [the] underpayment * * * is due to fraud" and, as a result, that petitioner is liable for the addition to tax for fraud under section 6653(b). [5] Cf. Hicks Co. v. Commissioner,56 T.C. 982, 1028-1030 (1971), affd 470 F.2d 87 (1st Cir. 1972). *155 Decision will be entered for the respondent.
Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code in effect during the year at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. It is not clear why petitioner chose this course of action. To the extent that he was influenced to do so by his references to a Fifth Amendment claim, we note that, aside from the question of whether petitioner had an adequate foundation for any such claim (which we think he did not), he would not, in any event, be relieved of his burden of proof. United States v. Rylander,460 U.S. 752 (1983); Steinbrecher v. Commissioner,712 F.2d 195↩ (5th Cir. 1983), affg. a Memorandum Opinion of this Court.
3. We note that the record reveals that respondent was able to obtain Bobart's books and records only after a protracted summons enforcement proceeding in which petitioner was faced with the possibility of punishment for contempt.↩
4. Petitioner has at no time suggested that he had deductions which would reduce or offset the constructive dividend income. It was his obligation to come forward with evidence of such deductions not only to carry his burden of proof as to the underlying deficiency, but to impose upon respondent the obligation to negate such deductions in order to carry his burden of proof on the addition to tax for fraud. Cf. Elwert v. United States,231 F.2d 928, 933 (9th Cir. 1956); United States v. Bender,218 F.2d 869, 871-872 (7th Cir. 1955); Rivera v. Commissioner,T.C. Memo. 1979-343↩.
5. On brief, petitioner seeks to overcome respondent's determination of fraud by reference to a statement by the Assistant United States Attorney at a hearing during the course of the summons enforcement proceedings, see note 3, supra,↩ that petitioner's "statements are an interesting amalgamation of misunderstood, misread, misconstrued cases and statutes." Aside from the fact that such statement is not in evidence herein, it was made in a totally different context and is therefore irrelevant to our analysis. We note, however, that, even if we considered the statement relevant, it would not be sufficient to overcome the proof of fraud which the record herein otherwise reveals.