PHILLIP W. LLOYD, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Lloyd v. Commissioner
Docket No. 21472-87
United States Tax Court
T.C. Memo 1989-558; 1989 Tax Ct. Memo LEXIS 556; 58 T.C.M. (CCH) 371; T.C.M. (RIA) 89558; October 11, 1989
Ira M. Burman, for the petitioner. William T. Derick, for the respondent. PETERSON
MEMORANDUM FINDINGS OF FACT AND OPINION PETERSON, Chief Special *557 Trial Judge: This case was heard pursuant to the provisions of section 7443A(b) of the Internal Revenue Code of 1986, and Rules 180, 181 and 182. All section references are to the Internal Revenue Code, as amended and in effect for the year in issue. All Rule references are to the Tax Court Rules of Practice and Procedure. In a notice of deficiency dated June 5, 1987, respondent determined an addition to tax for petitioner's 1980 tax year under section 6653(b), in the amount of $ 2,978.99. Petitioner paid the deficiencies in tax previously determined for 1980, including a section 6651(a)(1) addition to tax for failure to file a tax return in the amount of $ 1,328.81. Respondent abated this section 6651(a)(1) payment in the notice of deficiency. The issue presented is whether petitioner's actions were such that an addition to tax under section 6653(b) for civil tax fraud is appropriate. FINDINGS OF FACTS Some of the facts have been stipulated and are so found. The stipulation of facts and attached exhibits are incorporated herein by this reference. At the time this petition was filed, petitioner resided in Morris, Illinois. Petitioner's highest *558 level of education is the 12th Grade. He had steady employment beginning in 1968 and continuing through 1980, the year at issue. He was employed as a machine operator by Caterpillar Tractor Company during 1980. Petitioner received $ 29,948.41 in wages from his employer during 1980, as evidenced by Internal Revenue Service Form W-2 which was sent to him. On February 19, 1980, petitioner filled out, signed, and certified under penalties of perjury an Internal Revenue Service Form W-4 claiming 33 exemptions, and so the employer only withheld $ 640.58 from his wages for Federal income tax purposes during 1980. Petitioner filed the false Form W-4 to reduce the income tax withholding. During that time petitioner was married and had three children. Petitioner did not file a Federal income tax return for the 1980 taxable year. Prior to 1980, petitioner had a professional firm prepare his Federal tax returns for him and his returns were correctly and timely filed. During 1980, petitioner attended several seminars conducted by John Freeman, an apparent member of the tax protest movement who spoke at various seminars around the country. Mr. Freeman discussed whether he thought income *559 taxes were constitutional. He instructed all who came to his seminar on the "proper" way to fill out Form W-4 to stop the withholding of income for payment of Federal income taxes. Thereafter, petitioner joined the National Commodity and Barter Association, a tax protest organization, and attended their meetings. Again petitioner heard more arguments against the constitutionality of Federal income taxes and heard of people "dealing successfully with the Internal Revenue Service; people that were not paying at that time." Petitioner heard the argument that "wages" are not within the definition of "income" and therefore are not taxable. Petitioner thereafter falsely filed the Form W-4 as discussed above and decided not to file an income tax return for the 1980 taxable year. Petitioner's wife strongly disagreed with him and filed her own return using the filing status "Married Filing Separate." Contrary to the practice he had developed in previous years, petitioner did not consult a professional tax return preparer concerning his 1980 Federal tax liability. OPINION Section 6653(b), as in effect during 1980, provides that if any part of an underpayment of tax required to be shown *560 on a return is due to fraud, there shall be added to the tax an amount equal to 50 percent of the underpayment. This addition to tax may be assessed at any time by respondent. Sec. 6501(c)(3). Respondent bears the burden of proving, by clear and convincing evidence, that some part of an underpayment is due to fraud. Sec. 7454(a); Rule 142(b). This burden is met if it is shown that the taxpayer intended to evade taxes known to be owing by conduct intended to conceal, mislead, or otherwise prevent the collection of such taxes. Mitchell v. Commissioner, 118 F.2d 308, 310 (5th Cir. 1941); Rowlee v. Commissioner, 80 T.C. 1111, 1123 (1983). The existence of fraud is a question of fact to be resolved upon consideration of the entire record. Gajewski v. Commissioner, 67 T.C. 181, 199 (1976), affd. without published opinion 578 F.2d 1383 (8th Cir. 1978). Fraud is not to be imputed or presumed; however, fraud may be proven by circumstantial evidence since direct proof of the taxpayer's intent is rarely available. Gajewski v. Commissioner , supra; Beaver v. Commissioner, 55 T.C. 85, 92-93 (1970). *561 The taxpayer's entire course of conduct may be examined to establish the requisite fraudulent intent. Stone v. Commissioner, 56 T.C. 213, 223-224 (1971); Otsuki v. Commissioner, 53 T.C. 96, 105-106 (1969). Failure to file tax returns, without more, is not proof of fraud since such omission may be consistent with a state of mind other than the intention and expectation of defeating the payment of taxes. Rowlee v. Commissioner, supra. However, this Court has consistently imposed the addition to tax for fraud where there has been an intentional failure to file a return combined with the filing of a false Form W-4 with the intent to reduce or eliminate withholdings. Kotmair v. Commissioner, 86 T.C. 1253 (1986); Rowlee v. Commissioner, supra; Habersham-Bey v. Commissioner, 78 T.C. 304 (1982). In this case it is stipulated that petitioner did not timely file a Federal tax return for the 1980 tax year even though he worked during that year and earned wages. It is also stipulated that petitioner claimed 33 exemptions on the W-4 he submitted even though *562 he and his wife had only 3 children at the time. Petitioner claimed the extra exemptions because he wanted to have less money, or no money, withheld from his wages. Although it is clear petitioner's failure to file coupled with the false Form W-4 was done in reliance upon others' words and directions, it is equally clear that petitioner knew he had a duty to file. He hired professional help to assist him in fulfilling that duty in previous years. Petitioner testified he did not go to a tax professional for the 1980 tax year because he felt "they would present their arguments, and I wasn't at verse enough to argue with them. So, I just didn't ask them." Additionally, petitioner went against his wife's wishes in deciding not to file his income tax return. He testified that "she felt, as Jesus said that, give unto the tax man * * * rather than have any trouble she was going to go ahead and pay them." Clearly, petitioner made a conscious decision to avoid the payment of Federal income taxes. Therefore, we conclude that fraud has been shown by clear and convincing evidence. Accordingly, we sustain respondent's determination of an addition to tax under section 6653(b). Decision *563 will be entered for the respondent.