DALE H. MALQUIST, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Malquist v. Commissioner
Docket No. 22398-89
United States Tax Court
T.C. Memo 1990-364; 1990 Tax Ct. Memo LEXIS 381; 60 T.C.M. (CCH) 155; T.C.M. (RIA) 90364; July 18, 1990, Filed *381 Decision will be entered under Rule 155. Dale H. Malquist, pro se. Jay M. Erickson, for the respondent. PARR
MEMORANDUM FINDINGS OF FACT AND OPINION Respondent determined deficiencies in and additions to petitioner's Federal income tax as follows: Additions to Tax
Year Ending
Deficiency
Sec. 6653(b) [1]
Sec. 6654
Dec. 31, 1978
$ 21,363.00
$ 10,682.00
$ 567.00
Dec. 31, 1979
7,147.00
3,574.00
280.00
Dec. 31, 1980
3,311.00
1,655.00
210.00
*382 During trial, the parties agreed that petitioner is entitled to deductions in addition to those allowed in the notice of deficiency as follows: Item
1978
1979
1980
Travel & Entertainment
($  8,524)
($ 6,882)
($ 4,813)
Capital Gain (Sch.D) (13,084)
0
0
Moving Expense
0 (1,048)
0
These concessions result in agreed deficiencies of $ 5,579, $ 3,703, and $ 1,806 for 1978, 1979, and 1980. The only issue remaining for decision is whether petitioner is liable for additions to tax for fraud and for failure to pay estimated taxes for each of the years in issue. FINDINGS OF FACT Some of the facts have been stipulated and are so found. The stipulation of facts and exhibits are incorporated herein by this reference. Petitioner's objections to receipt of respondent's proferred *383 Exhibits B and E was sustained, and they are not in evidence. When he filed his petition, petitioner resided in Greenough, Montana. Petitioner was convicted of failure to file Federal income tax returns for the taxable years 1978, 1979, 1980, 1981, and 1982 in violation of section 7203. Petitioner filed Forms 1040 for 1978 and 1979. They contained no financial information. Except for his name and address, petitioner typed the word "Object" on each line. The document for 1979 was accompanied by a statement making typical protester claims. Petitioner did not file a return for 1980. During the years in issue, petitioner worked for a number of employers as an electrician. His work required very frequent travel away from home. He earned wages as follows: 1978
Employer
Amount
Wisconsin Associates
$  1,663.98
H. C. Smith Construction
33,628.89
Commonwealth Electric
388.70
Total:
$ 35,681.57
1979
H. C. Smith Construction
$ 25,495.96
Mathews, McCraken, & Rutland
6,374.50
Total:
$ 31,870.46
1980
Mathews, McCraken, & Rutland
$ 18,685.84
Allen Electric
1,392.85
MontanaWyoming Sys. 188.40
Ferguson Electric
3,086.13
Total:
$ 23,353.22
*384 Between September 2, 1977, and November 19, 1980, petitioner filed seven Forms W-4, Employee's Withholding Allowance Certificates, with various employers. In them, he claimed either to be exempt from any income tax or to be entitled to between 25 and 99 allowances. Nevertheless, petitioner had prepayment credits for 1978, 1979, and 1980 of $ 2,854, $ 363, and $ 362, respectively, representing income taxes and excess FICA withheld by petitioner's employers. OPINION Fraud consists of any act or conduct intended to conceal, mislead, or otherwise prevent the collection of taxes known to be owing. Rowlee v. Commissioner, 80 T.C. 1111, 1123 (1983). Fraud is an issue of fact to be determined from the entire record. Edelson v. Commissioner, 829 F.2d 828, 832 (9th Cir. 1987), affg. a Memorandum Opinion of this Court. Respondent has the burden of proving fraud by clear and convincing evidence. Section 7454(a); Rule 142(b). Fraud is never presumed. Edelson v. Commissioner, supra; Beaver v. Commissioner, 55 T.C. 85, 92 (1970). However, since direct proof of a taxpayer's intent is rarely available, fraud may be *385 proven through circumstantial evidence and reasonable inferences which can be drawn therefrom. Edelson, supra at 832. The entire course of conduct of the taxpayer may be reviewed for indications of the requisite intention. Truesdell v. Commissioner, 89 T.C. 1280, 1302 (1987); Stone v. Commissioner, 56 T.C. 213 (1971). Mere failure to file, standing alone, is not sufficient to establish fraud, Kotmair v. Commissioner, 86 T.C. 1253, 1261 (1986), but it is persuasive circumstantial evidence of fraud. Castillo v. Commissioner, 84 T.C. 405, 409 (1985); see also Edelson v. Commissioner, supra at 832. Petitioner acknowledges that he was a tax protester during the years in issue, and that this behavior was mistaken and "stupid." He says he did not expect any repercussions, however, because his work involved constant travelling away from home, and he believed his deductions for travel expenses would be large enough to eliminate any income tax liability. He says he never tried to hide his income or his activities from respondent. Moreover, petitioner believes an addition to *386 tax for fraud is unfair, inasmuch as he has already served a prison term for failure to file and has mended his ways. Moreover, he is now disabled with back trouble and unable to work. We believe petitioner has given up his protester activity, and that he tried to testify truthfully. In determining whether petitioner is liable for the fraud addition, however, we must look at his mind-set during the years in issue. We cannot accept the notion that he did not attempt to conceal his income from respondent. He not only failed to file returns from which the tax liability could be calculated, but he also filed false Forms W-4 in order to minimize or eliminate having any taxes withheld. The filing of false W-4 Forms is additional evidence of fraud. See Edelson v. Commissioner, supra; Castillo v. Commissioner, supra at 409; Rowlee v. Commissioner, supra, and cases cited therein. Moreover, we think that if petitioner had sincerely believed his travel expenses eliminated any tax liability he would have filed complete and accurate returns. This is especially true for 1978, a year in which $ 2,854 had been withheld from petitioner's *387 wages (apparently, before the false W-4 Forms were filed) which could have been refunded if petitioner had indeed owed no taxes. Furthermore, petitioner is collaterally estopped by his criminal conviction under section 7203 from denying that he willfully failed to file returns for the years in issue. Costillo, supra at 409. As to the fairness of imposing an addition after petitioner has been criminally punished, we note that one of the purposes of the civil addition is to repay the Government for the cost of detecting and proving a tax liability which has not been voluntarily disclosed. See Helvering v. Mitchell, 303 U.S. 391, 401 (1938). Under the circumstances herein, we do not believe it is unfair for petitioner to bear the cost of his own folly. We therefore hold that petitioner is liable for the additions to tax for fraud and for failure to pay estimated taxes, under sections 6653(b) and 6654, for all the years in isue. Decision will be entered under Rule 155. Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code as in effect for the years at issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩