RICHARD L. SHOCKLEY, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Shockley v. Commissioner
Docket Nos. 15388-90, 15389-90, 15390-90, 15417-90[1]
United States Tax Court
T.C. Memo 1992-124; 1992 Tax Ct. Memo LEXIS 143; 63 T.C.M. (CCH) 2241; T.C.M. (RIA) 92124; March 2, 1992, Filed *143 Decision will be entered under Rule 155. Richard L. Shockley, pro se. Gary L. Bloom and Michael J. O'Brien, for respondent. JACOBS
JACOBS
MEMORANDUM FINDINGS OF FACT AND OPINION JACOBS, Judge: Respondent determined deficiencies in and additions to petitioner's Federal income taxes as follows:  Additions To Tax
Sec.
Sec.
Sec.
Sec.
Year
Deficiency
6651(a)(1)
6653(a)(1) [1]
6653(a)(1)(A) [2]
6654(a) 1984
$ 2,794
$ 698.50
$ 139.70
--   $ 175.16
1985
6,602
1,650.50
330.10
--   376.97
1986
8,941
2,006.50
--   $ 447.05
376.84
1987
1,691
422.75
--   84.55
--  After concessions at trial by respondent, the issues remaining for decision are: (1) Whether respondent correctly *144 determined the amount of income which petitioner failed to report for each of the years in issue; (2) whether petitioner is entitled to deductions for business expenses; and (3) whether petitioner is liable for the additions to tax. All section references are to the Internal Revenue Code as amended and in effect for the years in issue. All Rule references are to the Tax Court Rules of Practice and Procedure. FINDINGS OF FACT Petitioner resided in Rosehill, Kansas, at the time he filed the petitions. The stipulation of facts and attached exhibits are incorporated by this reference. Petitioner filed a Form 1040 for 1985, 1986, and 1987. Each Form 1040 contained either the word "none" or the word "object" on every line which required information concerning the amount of petitioner's income, deductions, credits, or payments. Petitioner's objections were based upon his belief that the Fifth Amendment privilege against self-incrimination excused his failure to provide respondent with the return information. With respect to each of the forms filed in 1985, 1986, and 1987, respondent sent petitioner a letter stating that the Form 1040 could not be accepted as a return because it *145 did not contain the information which the Code and the regulations require. Each letter contained Notice 555 which explained the legal requirements for filing an individual income tax return. Petitioner replied to each of respondent's letters stating that he would provide the required information only if he was granted immunity against Federal and State prosecution. OPINION Respondent determined that petitioner received unreported income during the years in issue as follows: Year
Income
1984
$ 17,363
1985
28,847
1986
35,273
1987
15,470
Petitioner bears the burden of proving that respondent's determination is incorrect. Rule 142(a). He failed to offer any evidence that would satisfy his burden. Thus, we sustain respondent's income determination. At trial, petitioner asserted that he was entitled to deductions for business expenses. Deductions are a matter of legislative grace, and petitioner has the burden of establishing that he is entitled to all claimed deductions. Rule 142(a); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934). Petitioner failed to offer any evidence to support his assertion. Hence, petitioner is not entitled *146 to deductions for business expenses. Respondent determined that petitioner is liable for additions to tax for failure to file timely returns. Again, petitioner bears the burden of proving that he is not liable for the additions to tax. Rule 142(a). He failed to do so. Although petitioner filed a Form 1040 for 1985, 1986, and 1987, such forms did not constitute proper tax returns for such years. A document that does not supply information from which a tax can be computed or does not represent an honest and reasonable attempt to satisfy the requirements of the law does not constitute a return within the meaning of the Code. Kotmair v. Commissioner, 86 T.C. 1253, 1259 (1986); Beard v. Commissioner, 82 T.C. 766, 777 (1984), affd. per curiam 793 F.2d 139 (6th Cir. 1986). The record contains no information regarding whether petitioner filed a return for 1984. Thus, petitioner has failed to prove that he filed a proper return for 1984. The Fifth Amendment does not excuse petitioner's failure to file proper returns. To invoke the Fifth Amendment privilege, a taxpayer must be faced with a substantial danger of self-incrimination *147 that is real and appreciable, and he must have reasonable cause to apprehend such danger. Wilkinson v. Commissioner, 71 T.C. 633, 638-639 (1979). Petitioner was not and is not under criminal investigation for any of the years in issue. Accordingly, petitioner's argument that the Fifth Amendment excuses his failure to file and his failure to produce records at trial is without merit. Respondent's determination that petitioner is liable for additions to tax for failure to file timely returns is sustained. Respondent also determined that petitioner is liable for additions to tax for negligence or intentional disregard of the rules and regulations, and for underpayments of estimated tax. Petitioner bears the burden of proving that he is not liable for these additions to tax. Rule 142(a). He did not offer any evidence that would satisfy his burden. Accordingly, petitioner is liable for these additions to tax. To reflect certain concessions at trial by respondent, Decisions will be entered under Rule 155. Footnotes
1. Consolidated for trial, briefing, and opinion.↩
1. Plus 50 percent of the interest due on the portion of the underpayment attributable to negligence or intentional disregard pursuant to sec. 6653(a)(2). ↩
2. Plus 50 percent of the interest due on the portion of the underpayment attributable to negligence pursuant to sec. 6653(a)(1)(B).↩