T.C. Memo. 2005-255

UNITED STATES TAX COURT

STEVEN W. POND, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 10911-03.              Filed October 31, 2005.

Steven W. Pond, pro se.

Elizabeth Downs, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

FOLEY, Judge:  By notices dated April 8, 2003, respondent
determined deficiencies in and additions to petitioner's 1995,
1996, 1997, 1998, 1999, 2000, and 2001 Federal income taxes.  The
issues for decision are whether petitioner received unreported

income and is liable for the sections 6654(a)[1] and 6651(a)(1) or (f) additions to tax.

## FINDINGS OF FACT

In 1980, petitioner began operating a helicopter repair and maintenance company. While operating the business out of his home, petitioner provided repair and maintenance services and equipment sales to his customers. He did not maintain a formal set of books and records, but he did issue invoices. Petitioner received both checks and cash for the services he provided. Petitioner deposited most of the business proceeds into personal and business bank accounts, and both personal and business expenses were paid with these funds.

Petitioner's business gross receipts in 1995, 1996, 1997, 1998, 1999, 2000, and 2001 totaled $70,899, $73,092, $149,366, $152,353, $74,697, $67,661, and $69,691, respectively. In 1995 and 1996, petitioner received rental income from Tulsa Helicopters, Inc., in the amounts of $33,815 and $7,363, respectively. On June 20, 1996, petitioner sold real property and received $400,000 in proceeds. Prior to the years in issue, petitioner filed Federal individual income tax returns (returns) with respondent.

---

[1] Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

On April 8, 2003, respondent issued petitioner separate notices of deficiency relating to 1995 through 1997, 1998 through 2000, and 2001. In the notices, respondent determined that petitioner: (1) Failed to report income relating to 1995 through 2001, (2) was liable for section 6651(f) additions to tax for fraudulent failure to file returns relating to 1995 through 2001, (3) was liable in the alternative for section 6651(a)(1) additions to tax for failure to file returns relating to 1995 through 2001, and (4) was liable for section 6654(a) additions to tax for failure to pay estimated income taxes relating to 1996 through 2001. On July 8, 2003, petitioner filed his petition, and on August 28, 2003, respondent filed his answer.

Petitioner resided in Inola, Oklahoma, at the time he filed his petition.

OPINION

Petitioner concedes that he received unreported income during the years in issue and does not dispute respondent's determinations relating to his rental activity, real estate sales, wages, and helicopter business gross receipts. Accordingly, we sustain respondent's determinations relating to this unreported income.

Petitioner contends that he believed that he was not required to file tax returns relating to the years in issue.

Respondent contends, pursuant to section 6651(f), that petitioner fraudulently failed to file his returns.

Respondent must establish by clear and convincing evidence that petitioner, by failing to file, intended to evade tax. See sec. 7454(a); Clayton v. Commissioner, 102 T.C. 632, 646, 652-653 (1994). While a taxpayer's failure to file a tax return does not, standing alone, establish fraud, an inference of fraud is justified when the failure to file is coupled with other badges of fraud that establish an intent to conceal or mislead. See Zell v. Commissioner, 763 F.2d 1139, 1145-1146 (10th Cir. 1985), affg. T.C. Memo. 1984-152; Clayton v. Commissioner, supra at 653 (stating that "we must consider the same elements" in determining the fraud penalty, pursuant to section 6663, and fraudulent failure to file, pursuant to section 6651(f)); Kotmair v. Commissioner, 86 T.C. 1253 (1986).

In Kotmair, the Commissioner determined that a self-employed taxpayer, who was convicted of willfully failing to file Federal income tax returns and did not pay estimated taxes or maintain adequate books and records, committed fraud, pursuant to section 6653(b). The Court held that the Commissioner had not established that the taxpayer had the requisite intent to evade tax because "There was no evidence of any falsification of books or records, no evidence of any concealment or misleading". Id. at 1261. Similarly, at trial, when the Court inquired whether

petitioner attempted to conceal his income, respondent's counsel stated: "No, Your Honor. I don't contend that he tried to conceal his income." In addition, petitioner credibly testified that he did not file returns relating to the years in issue because he believed that the exemption amount, pursuant to section 6012(a)(1)(A), is not defined by statute. Petitioner's belief is incorrect but appears to have been earnestly held. Although petitioner failed to file returns, pay estimated taxes, or maintain adequate books and records, respondent failed to clearly and convincingly establish that petitioner had the requisite intent to evade tax. Accordingly, we reject respondent's fraud determinations.

With respect to section 6651(a)(1) and 6654(a) additions to tax, respondent met his burden of production, pursuant to section 7491(c), and established that petitioner failed to file his 1995 through 2001 returns and pay his 1996 through 2001 estimated income taxes. See Higbee v. Commissioner, 116 T.C. 438, 446 (2001). Petitioner, however, failed to introduce sufficient facts to establish the inapplicability of these additions to tax. Accordingly, we sustain respondent's determinations relating to sections 6651(a)(1) and 6654(a) additions to tax.

At trial and in documents filed with the Court, petitioner raised several groundless contentions. Pursuant to section 6673(a)(1), this Court is authorized to impose a penalty not to

exceed $25,000 if petitioner advances frivolous arguments. Respondent did not request the Court to, and we do not, impose a section 6673 penalty.  Nevertheless, we admonish petitioner that he may be subject to a section 6673 penalty if he asserts frivolous or groundless contentions in a subsequent proceeding in this Court.

Contentions we have not addressed are irrelevant, moot, or meritless.

To reflect the foregoing,

Decision will be entered under Rule 155.