DENNIS M. AND NORMA A. BARR, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Barr v. Commissioner
Docket No. 36581-85.
United States Tax Court
T.C. Memo 1988-139; 1988 Tax Ct. Memo LEXIS 167; 55 T.C.M. (CCH) 520; T.C.M. (RIA) 88139; March 30, 1988. Dennis M. and Norma A. Barr, pro se. Steve R. Johnson, for the respondent. PAJAK
MEMORANDUM FINDINGS OF FACT AND OPINION PAJAK, Special Trial Judge: Respondent determined deficiencies and additions to tax for each petitioner's Federal income taxes in separate notices of deficiency as follows: Petitioner Dennis M. Barr
Additions to tax under sections [1]
Year
Deficiencies
6653(b)
6653(b)(2)
6654
1981
$ 2,532
$ 1,266
n/a
$ 139
1982
1,762
881
*
143
1983
647
323
*
33
Petitioner Norma A. Barr
Additions to tax under sections
Year
Deficiencies
6653(b)
6653 (b)(2)
6654
1981
$ 2,532
$ 1,266
n/a
$ 139
1982
1,762
881
*
143
1983
647
323
*
33
*169 Respondent in his answer requested that damages be awarded to the United States under section 6673. Petitioners' original joint petition inadvertently lacked some details. After respondent's answer was filed, petitioners submitted an amended joint petition to clarify their position. Respondent filed an answer to the amended petition and petitioners filed a reply to that answer. The parties stipulated that the tax liability shown on the notices of deficiency may be recalculated to reflect petitioners' election to be taxed as married-filing-jointly. To give effect to this stipulation, respondent filed a motion to amend his answer to the amended petition. The Court granted that motion. Respondent's amendment to answer to amended petition alleges that petitioners are jointly and severally liable for the following deficiencies and additions to tax: Additions to tax under sections
Year
Deficiencies
6653(b)
6653(b)(1)
6653(b)(2)
6654
1981
$ 5,073.00
$ 2,536.50
n/a
n/a
$276.04
1982
3,531.00
n/a
$ 1,765.50
**
287.58
1983
1,298.00
n/a
649.00 ***
67.54
*170 After trial, petitioners filed a brief in which they conceded the deficiencies. The issues remaining for decision are (1) whether petitioners are liable for additions to tax pursuant to sections 6653(b), 6653(b)(1), 6653(b)(2), and 6654; and (2) whether damages should be awarded to the United States under section 6673. FINDINGS OF FACT To the extent stipulated, the facts are so found. Petitioners resided in Jacksonville, Florida, when their petition was filed. During the years in issue, petitioners lived in the State of Idaho. Petitioners received income in the years in issue as follows: 1981
1982
1983
Wages
$ 27,004
$ 20,926
$ 14,789
Unemployment
Compensation
1,595
3,634
-0- Interest
-0-
38
-0- Total
$ 28,599
$ 24,598
$ 14,789
Petitioners timely received W-2 or 1099 forms for all the income stated above. They did not report any income or pay any tax on the income. Petitioners did not file Federal income tax returns for the taxable year 1980, 1981, *171 1982 and 1983. In March 1983, respondent requested returns from petitioners. In April 1983, petitioners submitted to respondent untimely, purported returns for 1980 and 1981. (There is no explanation in the record as to why petitioners' 1980 Federal income taxes are not in issue in this case.) Petitioners also submitted a purported return for 1982 at that time and on April 14, 1984, submitted a purported return for 1983. On each purported return, petitioners stated their names, their address, and that they were married and filing jointly. In response to the remaining requests for information, they either stated that they did not have any income by entering "none" on the line provided (e.g. interest income - none) or that they refused to disclose income by entering "object-witness against self." Respondent assessed three $ 500.00 penalties against petitioners pursuant to section 6702 for filing frivolous returns for 1980, 1981, and 1982. Prior to 1980 petitioners had filed properly executed income tax returns and had reported as income wages, salaries, tips or other income received during those years. Petitioner-husband Dennis Barr filed a W-4 form in June 1983 claiming *172 that he was exempt from withholding. In 1978 he had filed a W-4 form claiming four exemptions. In July 1982 petitioner-wife Norma Barr filed a W-4 form claiming eight exemptions. In April 1984 she attempted to file a W-4 form with her employer, the Jack Flanders Company, claiming that she was exempt from withholding. When her employer objected, she instead filed a W-4 form claiming fourteen exemptions. Petitioner-wife filed a W-4 in July 1984, apparently with another employer, claiming she was exempt from withholding. After trial, petitioners filed a brief in which they conceded that their income tax returns for 1981, 1982, and 1983 were improper and that the Court should hold them liable for all taxes and interest due. Petitioners contend, however, that they did not intend to commit fraud. Respondent's position is that petitioners knew they had a djty to pay income taxes, that they intentionally sought to evade the payment of such taxes, and that petitioners are liable for the fraud additions to tax. OPINION The first question for decision is whether petitioners are liable for an addition to tax for fraud under section 6653(b) for 1981. Section 6653(b) provides in pertinent *173 part that: "if any part of any underpayment * * * of tax required to be shown on a return is due to fraud, there shall be added to the tax an amount equal to 50 percent of the underpayment. * * * In the case of a joint return under section 6013, this subsection shall not apply with respect to the tax of a spouse unless some part of the underpayment is due to the fraud of such spouse." Additional questions for decision are whether petitioners are liable for additions to tax for fraud under sections 6653(b)(1) and 6653(b)(2) for 1982 and 1983. [2]
*174 The existence of fraud is to be determined from consideration of the entire record. Marcus v. Commissioner, T.C. 562, 577 (1978), affd. without published opinion 621 F.2d 439 (5th Cir. 1980); Stratton v. Commissioner,54 T.C. 255, 284 (1970). The burden of proof is on respondent. Section 7454(a); Rule 142(b). To meet this burden respondent must show by clear and convincing evidence that the taxpayer acted with the specific intent to evade a tax known or believed to be owing. Stoltzfus v. United States,398 F.2d 1002, 1004 (3d Cir. 1968); Wilson v. Commissioner,76 T.C. 623, 633 (1981). Fraud may be proved by circumstantial evidence because direct proof of the taxpayer's intent is rarely available. Stephenson v. Commissioner,79 T.C. 995, 1006 (1982), affd. per curiam 748 F.2d 331 (6th Cir. 1984). The taxpayer's entire course of conduct may establish the requisite fraudulent intent. Spies v. United States,317 U.S. 492 (1943); Gajewski v. Commissioner,67 T.C. 181, 199-202 (1976), affd. without published opinion 578 F.2d 1383 (8th Cir. 1978). *175 Respondent has affirmatively shown numerous indicia of fraud. Petitioners did not file Federal income tax returns for 1980, 1981, 1982 and 1983. They submitted "tax protester" purported returns when respondent requested returns from them. Since these returns failed to provide the information required, they are not income tax returns within the meaning of the Internal Revenue Code. United States v. Porth,426 F.2d 519, 523 (10th Cir. 1970); Kotamir v. Commissioner,86 T.C. 1253, 1259 (1986). The failure to file returns does not by itself establish fraud. Kotmair v. Commissioner,86 T.C. at 1260; Grosshandler v. Commissioner,75 T.C. 1, 19 (1980). The failure to file returns, however, is persuasive circumstantial evidence of fraud. Marsellus v. Commissioner,544 F.2d 883, 885 (5th Cir. 1977); Stoltzfus v. United State, 3998 F.2d at 1005. In view of the fact that petitioners properly filed all of their previous Federal income tax returns, it is clear that they understood their obligation to file tax returns and to pay income taxes. Their knowing failure to properly file returns *176 for 1980 through 1983 is evidence of fraud. Petitioners also filed false W-4 forms to reduce or stop the withholding of Federal income taxes from their wages. Petitioner-wife admitted that she filed W-4 forms stating that she was exempt from withholding to prevent the government from taking money out of her wages. She and her husband were most evasive at trial. Nevertheless, we find that their intention in filing false W-4 forms was to deliberately evade having funds withheld from their wages. Such activities are evidence of fraud. Hebrank v. Commissioner,81 T.C. 640, 642 (1983); Rowlee v. Commissioner,80 T.C. 1111, 1125 (1983); Habersham-Bey v. Commissioner,78 T.C. 304, 313 (1982). This Court has repeatedly held that fraud has been established by clear and convincing evidence where a taxpayer's failure to properly file his tax return is based on frivolous arguments,,and where respondent has shown unreported income on which withholding has been reduced or prevented by the submission of false W-4 forms. Rowlee v. Commissioner,80 T.C. at 1124-1126; Stephenson v. Commissioner,79 T.C. at 1007; *177 Habersham-Bey v. Commissioner,78 T.C. at 313-314. We reach the same conclusion here. After a trial loaded with obscurantic and unbelievable responses by each of the petitioners, they threw in the towel as to taxes and interest in their brief and conceded the deficiencies. Although they have asked the Court not to impose additions to tax for fraud based on their claim that they did not intend to commit fraud, their conduct warrants the opposite result. Petitioners have deliberately violated the provisions of the Internal Revenue Code for payment of taxes, filing of returns, and filing of withholding forms. At trial, they were evasive, asserted frivolous arguments,,and simply were not believable witnesses. After carefully considering the entire record of petitioners' conduct, we find that respondent has shown by clear and convincing evidence that each of the petitioners intentionally and fraudulently sought to evade the legal duty to pay income taxes. See section 6653(b) for 1981 and section 6653(b)(4) for 1982 and 1983. Their lapses in memory, prevarications and evasive answers only reinforce our finding of fraudulent intent. In view of the fact that petitioners *178 deliberately failed to file returns or pay taxes for 1982 and 1983, we find that the entire underpayment of tax for these years is attributable to fraud. Since each petitioner attempted to evade taxes by filing false withholding statements, the underpayment of taxes is due to the fraudulent actions of each spouse. See section 6653(b)(4). For the foregoing reasons, both petitioners are liable for additions to tax under sections 6653(b) for 1981 and 6653(b)(1) and (2) for 1982 and 1983. Respondent determined additions to tax under section 6654 for petitioners' failure to pay estimated income tax in 1981, 1982, and 1983. Petitioners bear the burden of proof on this issue. Welch v. Helvering,290 U.S. 111 (1933); Rule 142(a). Petitioners have failed to allege any fact or legal theory that would show that respondent's determinations on this issue are incorrect. Accordingly, respondent's determinations are sustained. Congress has granted this Court the authority to award the United States damages of up to $ 5,000 whenever it appears to this Court that the proceedings before it have been instituted or maintained by the taxpayer primarily for delay or that the taxpayer's *179 position in such proceedings was frivolous or groundless. Section 6673. Petitioners had every right to properly contest respondent's determinations with regard to the section 6653(b) additions to tax for fraud and exercising or failing to exercise this right cannot be a basis for imposing damages pursuant to section 6673. But petitioners' contentions in support of their nonpayment of Federal income taxes were frivolous and meritless "tax protester" assertions. Despite petitioners' claims, gross income means all income from whatever source derived including, but not limited to, wages. Eisner v. Macomber,252 U.S. 189, 207 (1920); Rowlee v. Commissioner,80 T.C. at 1119-1122. In addition, the Fifth Amendment privilege may not be used as a method of evading payment of lawful taxes. Edwards v. Commissioner,680 F.2d 1268, 1270 (9th Cir. 1982). Petitioners' tax protester arguments have been rejected repeatedly, and do not merit discussion here. Hyslep v. United States,765 F.2d 1083 (11th Cir. 1985). An appeal of this case would lie to the Eleventh Circuit Court of Appeals. That court has warned that those who *180 would litigate such frivolous contentions in that circuit should expect to have sanctions imposed against them. This Court finds that the proceedings in this case were instituted and maintained primarily to delay the payment of their taxes and that petitioners' position in this proceeding as to their taxes was frivolous and groundless until they filed their post-trial brief. Damages will be awarded to the United States in the amount of $ 5,000. Decision will be entered for the respondent in the amounts set forth in the amended answer.
Footnotes
1. All section references are to the Internal Revenue Code of 1954 as in effect during the taxable years in issue, unless otherwise indicated. All rule references are to the Tax Court Rules of Practice and Procedure. ↩
*. 50 % of the interest on the underpayment of tax due to fraud. ↩
*. 50% of the interest on the underpayment of tax due to fraud. ↩
**. 50% of the interest due on the $ 3,069.00 underpayment of tax due to fraud. *** 50% of the interest due on the $ 1,142.00 underpayment of tax due to fraud. ↩
2. Sections 6653(b)(1) and 6653(b)(2) provide in pertinent part: (b) FRAUD. -- (1) IN GENERAL. -- If any part of any underpayment (as defined in subsection (c)) of tax required to be shown on a return is due to fraud, there shall be added to the tax an amount equal to 50 percent of the underpayment. (2) ADDITIONAL AMOUNT FOR PORTION ATTRIBUTABLE TO FRAUD. -- There shall be added to the tax (in addition to the amount determined under paragraph (1)) an amount equal to 50 percent of the interest payable under section 6601 -- (A) with respect to the portion of the underpayment described in paragraph (1) which is attributable to fraud * * * (4) SPECIAL RULE FOR JOINT RETURNS. -- In the case of a joint return under section 6013, this subsection shall not apply with respect to the tax of the spouse unless some part of the underpayment is due to the fraud of such spouse. ↩