GARY KAVIN BARTEL, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Bartel v. Commissioner
Docket No. 29977-84.
United States Tax Court
T.C. Memo 1986-56; 1986 Tax Ct. Memo LEXIS 555; 51 T.C.M. (CCH) 428; T.C.M. (RIA) 86056; February 6, 1986. Gary Kavin Bartel, pro se. Barbara E. Horan, for the respondent FEATHERSTON
MEMORANDUM OPINION FEATHERSTON, Judge: Respondent determined a deficiency in the amount of $578 in petitioner's Federal income tax for 1981. The issues for our decision are: 1. Whether petitioner is entitled to a deduction under section 219(a) [1] for a $1,500 contribution to an Individual Retirement Account (IRA); and 2. Whether petitioner is liable for the 6-percent excise tax under section 4973(a) for excess contributions to an IRA. All the facts are stipulated. Petitioner *557 Gary Kavin Bartel resided in Aurora, Colorado, at the time the petition was filed. Petitioner filed an individual Federal income tax return for 1981. Petitioner was employed by E.F. Hutton and Company (E. F. Hutton [2]) from January 19, 1978 to February 28, 1981. E. F. Hutton maintained a qualified retirement plan under section 401(a) (E. F. Hutton Plan). Petitioner became a member of the E. F. Hutton Plan on February 1, 1979, having met the plan's age and completed service requirements. The E. F. Hutton Plan provides in pertinent part: In determining the length of an employee's Service as respects 1975, and each subsequent calendar year, each such calendar year during which the employee did not work for the Company for at least 50 hours shall constitute a break in service. In determining the length of an employee's service, as respects 1975 or any subsequent calendar year, his service preceding a break in service shall be included if: (a) the employee completes at least one year of service following the break in service, and (b) either (i) the aggregate number of years of service prior to such break in service was greater than the number of consecutive one-year breaks *558 in service or (ii) the employee was a vested Member at the time of such break in service, and (c) such service was not forfeited as the result of a prior break in service. Credited service shall be granted proportionately in terms of completed months for any part of the calendar year in which the employee became a Member and for any part of the calendar year in which his employment terminates, irrespective of the number of hours of service completed by him in such year. * * * Any member whose service is interrupted or terminated and who later becomes an Employee once again shall be eligible to participate as of the date of his rehire provided he completes a year of service after his return. * * * Participants in the plan received benefits keyed to their years of credited service. On his 1981 income tax return, petitioner deducted $1,500 for a contribution to an IRA. Respondent disallowed the deduction and imposed an excise tax of $90. Respondent contends that, in 1981, petitioner *559 was an active participant in a qualified plan, and, therefore, was not entitled to a deduction for amounts paid to an IRA under section 219(a). In general, section 219(a) allows a deduction for contributions made to an IRA.However, under the law in effect in 1981, a taxpayer may not deduct payments to an IRA for a taxable year during which he was an active participant in a qualified plan. Section 219(b)(2)(A)(i). [3] An individual is an active participant in a qualified plan if he is accruing benefits under the plan, even though he has only forfeitable rights to those benefits and those rights were, in fact, forfeited prior to becoming vested. , affg. a Memorandum Opinion of this Court; , affd. . Because petitioner was a participant in the E. F. Hutton Plan under its express provisions while he was an employee during the first 2 months of 1981, he may not deduct his IRA contribution in that year. *560 Petitioner contends, however, that because he terminated his employment with E. F. Hutton of February 28, 1981, and has not returned to work for E. F. Hutton, no potential for a double tax benefit existed in 1981. Petitioner urges us to consider the opinion in , revg. a Memorandum Opinion of this Court. In that case, the taxpayer terminated his employment in May 1975, forfeiting his right to benefits under his employer's qualified pension plan. In addition, the Commissioner had conceded that the break-in-service rules of section 411(a)(6) did not apply to the taxpayer, meaning that should he later return to work for the same employer he would receive no credit under the plan for previously accrued benefits. The court of appeals, emphasizing that the legislative purpose in enacting the "active participant" limitation in section 219(b)(2)(A)(i) was to prevent the potential for a double tax benefit, [4] held that as of ten end of the taxable year 1975, the taxpayer had no potential for a double tax benefit and was entitled to a deduction for a contribution to an IRA. *561 In the instant case, however, petitioner would be entitled to credit under the plan for previous service if he were to resume employment with E. F. Hutton within the time period provided by the plan's break-in-service rules quoted above. Therefore, the potential for a double tax benefit did in fact exist as of the end of 1981 and, consequently, the rationale adopted by the court of appeals in Foulkes does not apply to petitioner's case. See ; ; . We must conclude on the facts of this record that petitioner was an active participant in a qualified plan in 1981 and, as such, was not entitled to a deduction under section 219 for a contribution to an IRA for that taxable year. Section 4973 imposes an excise tax of 6 percent on "excess contributions" made to an IRA during the taxable year over the amount allowable as a deduction under section 219 for such contributions. Because petitioner is not entitled to a deduction under section 219, the entire $1,500 contribution to an IRA is an "excess *562 contribution" subject to the 6-percent excise tax. To reflect the foregoing, Decision will be entered for the respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise noted.↩
2. E. F. Hutton will hereinafter be used to describe E.F. Hutton and Company or any one of its subsidiary or affiliate companies, all of which are covered by a common retirement plan.↩
3. Sec. 129 has subsequently been amended by sec. 311(a) of the Economic Recovery Tax Act of 1981, Pub. L. 97-34, 95 Stat. 172, 274, to allow a deduction for contributions to an IRA irrespective of participation in a qualified plan. The amendment is effective for taxable years beginning after Dec. 31, 1981.↩
4. The double tax benefit which Congress sought to preclude was the potential for an individual to obtain both the tax benefit provided by participating in a qualified plan and the tax benefit allowed to those contributing to an IRA. .↩