TIMOTHY E. GROMNICKI, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Gromnicki v. Commissioner
Docket No. 5921-87
United States Tax Court
T.C. Memo 1988-358; 1988 Tax Ct. Memo LEXIS 390; 55 T.C.M. (CCH) 1504; T.C.M. (RIA) 88358; August 9, 1988
Timothy E. Gromnicki, pro se. Kathleen L. Midian, for the respondent. PARR
MEMORANDUM FINDINGS OF FACT AND OPINION PARR, Judge: This case is before the Court on respondent's motion for summary judgment under Rule 121 [1] and for the imposition of damages under section 6673 filed May 18, 1988. Petitioner was given until June 24, 1988 to file a notice of objection to respondent's motion for summary judgment. Petitioner failed to file a notice of objection. Respondent, in his notice of deficiency issued to petitioner on December 11, 1986, determined a deficiency in and additions to petitioner's Federal income tax for the 1983 taxable year as follows: Additions to Tax
Year
Deficiency
Sec. 6653(b)(1)
Sec. 6653(b)(2)
Sec. 6654(a)
Sec. 6661(a)
1983
$ 11,912
$ 5,956
*
$ 529.39
$ 2,978
*392 Petitioner resided in Toledo, Ohio, when he filed his petition on March 9, 1987. Respondent filed his answer which contained affirmative allegations on May 15, 1987. Petitioner did not file a reply. The time to file a reply expired on July 26, 1987. On July 30, 1987 respondent moved, pursuant to Rule 37(c), that all undenied allegations in the answer be deemed admitted. On August 7, 1987 the Court served petitioner with notice of respondent's motion and notified petitioner that if he filed a reply on or before August 28, 1987 respondent's motion would be denied and that if he failed to file a reply respondent's motion would be granted. On August 10, 1987 petitioner filed a motion for extension of time to file reply. The Court granted petitioner an additional 30 days and directed petitioner to file his reply by September 28, 1987 or respondent's motion to have undenied allegations deemed admitted would be *393 granted. Again, petitioner failed to file his reply. On October 16, 1987 the Court granted respondent's motion and all undenied allegations in the answer were deemed admitted under Rule 37(c). FINDINGS OF FACT Petitioner and his wife filed Federal income tax returns for the 1980 and 1981 taxable years. Petitioner failed to file a Federal income tax return for the 1982 and 1983 taxable years. During 1982 and 1983 petitioner worked for Ford Motor Company. Petitioner claimed to be exempt from withholding on the Form W-4 he filed with his employer on January 23, 1983. On July 15, 1983 respondent sent petitioner a letter requesting more information to determine the correctness of his claimed exemption from withholding. Petitioner replied on July 22, 1983 by letter, co-signed by himself and Paul Bell of Belanco, a tax protest organization, which denied petitioner was liable for any income tax and sought to have respondent's agents cease their "criminal action" against petitioner. Petitioner had also claimed to be exempt from withholding for the 1982 taxable year. In September of 1983 respondent disallowed petitioner's 1982 claimed exemption from withholding filed for the 1982 *394 taxable year. Respondent directed petitioner's employer to disregard petitioner's Form W-4 and also assessed a $ 500 civil penalty against petitioner for filing false information. Section 6682(a). Petitioner responded by letter in which he again asserted respondent's actions were criminal and that respondent had no right to assess under section 6682(a) a civil penalty. Since petitioner failed to file a tax return for the 1982 taxable year, respondent began an audit of that year in October 1983. Petitioner did not appear at the scheduled audit meeting. On January 3, 1986 respondent issued a statutory notice of deficiency for the 1982 taxable year. In his explanation of adjustments respondent informed petitioner that his contention that his wages are not taxable because he is not an employee as defined within section 3401(c) has been held to be groundless, frivolous and totally without merit. Respondent also informed petitioner that his contention that compensation received in exchange for labor is not taxable income has been held to be groundless and frivolous. Again, respondent cited two cases which supported the statement. Still, on March 31, 1986 petitioner filed a petition *395 in this Court for the 1982 taxable year. By stipulated decision entered on January 13, 1987 petitioner conceded that he was liable for the deficiency in income tax and additions to tax as determined by respondent for the 1982 taxable year. On December 11, 1986 respondent issued a statutory notice of deficiency for petitioner's 1983 taxable year, the case currently before the Court. On March 9, 1987 petitioner filed his petition in this Court. With the exception of the numbers involved and the dates involved, the 1983 petition was a duplicate of petitioner's 1982 petition. In his petition petitioner allege that respondent's determinations are incorrect as to the amount of his income and the availability of losses, deductions and credits. Petitioner also claimed he had documentary evidence to support his position, that respondent had arbitrarily assessed penalties, that he was denied due process under the Fifth Amendment of the Constitution and that he was denied a jury trial under the Seventh Amendment. Petitioner worked for Ford Motor Company in 1983. His wage totalled $ 39,844.26. Petitioner also received interest of $ 13.00 during the 1983 taxable year. Petitioner claimed *396 to be exempt from withholding during the 1983 taxable year. Petitioner's 1983 Federal income tax liability was $ 11,912. An amount of $ 2,650 in income tax was withheld from petitioner's wages at Ford Motor Company during the 1983 taxable year. It is petitioner's position that his wages are not taxable because he is not an employee as defined in section 3401(c) and also that his wage are not taxable because compensation received in exchange for labor is an equal exchange. Petitioner has no documentation to support any deductions or losses or tax credits with respect to his 1983 taxable year. Petitioner instituted and is maintaining this proceeding with the knowledge that it is frivolous and groundless. Petitioner's failure to file his Federal income tax return and pay his Federal income tax liability for the 1983 taxable year was due to fraud with the intent to evade tax. OPINION Rule 121 provides that a party may move for summary judgment upon all or any part of the legal issues in controversy so long as there are no genuine issues of material fact. Rule 121(b) provides for summary adjudication if the pleadings, answers to interrogatories, depositions, admissions, and *397 any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law. The burden of proving that there is no genuine issue of material fact is on the moving party. Adickes v. Kress & Co.,398 U.S. 144, 157 (1970); Espinoza v. Commissioner,78 T.C. 412, 416 (1982). Material factual allegations in the answer respecting respondent's income tax deficiency determination and the additions to tax under sections 6654(a) and 6661(a) have been deemed admitted by our order of October 16, 1988. On that basis we conclude there are no genuine issues of material fact with respect thereto and respondent is entitled to a judgment respecting those determinations as a matter of law. However, in Woods v. Commissioner, 91 T.C.     (July 25, 1988) we determined that the addition to tax under section 6661(a) is applied only to the unpaid amount rather than the entire understatement, i.e., withholding credits must be subtracted from the "understatement" to arrive at the "amount of any underpayment" for the calculation of the addition to tax under *398 section 6661. As a result, the amount of the addition to tax under section 6661(a) in this case is limited to 25 percent of $ 9,262. Next, we turn our consideration to the addition to the tax for fraud under section 6653(b). Respondent must prove, by clear and convincing evidence, that an underpayment exists and that some part of such underpayment of tax was due to fraud with an intent to evade tax. Section 7454(a); Rule 142(b); Stratton v. Commissioner,54 T.C. 255 (1970); Imburgia v. Commissioner,22 T.C. 1002 (1954). That burden can be satisfied by respondent through the undenied facts deemed admitted under Rule 37(c). Doncaster v. Commissioner,77 T.C. 334 (1981); Marcus v. Commissioner,70 T.C. 562 (1978), affd. in an unpublished opinion 621 F.2d 439 (5th Cir. 1980); Gilday v. Commissioner,62 T.C. 260 (1974). [3] Here, the deemed admitted facts clearly establish fraud. Respondent has met his burden of proof. In this case petitioner *399 filed a false W-4 form with his employer for the 1983 taxable year, a fact which is evidence of fraud. See Hebrank v. Commissioner,81 T.C. 640, 642 (1983); Rowlee v. Commissioner,80 T.C. 1111, 1125-1126 (1983); Stephenson v. Commissioner,79 T.C. 995, 1007 (1982), affd. 748 F.2d 331 (6th Cir. 1984); Habersham-Bey v. Commissioner,78 T.C. 304, 313-314 (1982). Petitioner filed returns in 1980 and 1981, which indicates he knew of his obligation to file returns. Petitioner, however failed to file returns for the 1982 and 1983 taxable years even though he earned taxable income. Although mere failure to file is not fraud ( Kotmair v. Commissioner,86 T.C. 1253 (1986)), it is additional evidence of intent to evade tax. We hold that petitioner's acts and omissions were fraudulent with an intent to evade tax. Respondent's motion for summary judgment will be granted. Finally, we address respondent's motion for an award of damages under section 6673. Damages are assessable under section 6673 when the Court finds that a proceeding has been instituted or maintained primarily for delay or that *400 the taxpayer's position is frivolous or groundless. We have found as a fact that petitioner instituted and is maintaining this proceeding with knowledge that it is frivolous and groundless. In this case petitioner filed two documents with the Court -- his petition and a motion to extend the time for filing a reply. The petition contains broad allegations that respondent's determination was incorrect and asserts as facts that petitioner has documentary evidence in support of his position. In our discretion we award damage of $ 500 under section 6673. An appropriate order and decision will be entered.
Footnotes
1. Petitioner had $ 2,650 income tax withheld for the 1983 taxable year. Respondent determined interest was due on the balance of petitioner's $ 11,912 underpayment, or $ 9,262. ↩
*. 50 percent of the statutory interest on$ 9,262, Petitioner had $ 2,650 income tax withheld for the 1983 taxable year. Respondent determined interest was due on the balance of petitioner's $ 11,912 underpayment, or $ 9,262. [2]↩ computed from April 15, 1984. 3. See also Bagley v. Commissioner,T.C. Memo. 1986-56; Jackson v. Commissioner,T.C. Memo. 1986-15↩.