WILLIAM C. REICHENBACH, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent; KATHLEEN S. REICHENBACH, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Reichenbach v. Commissioner
Docket Nos. 15915-94, 15916-94
United States Tax Court
T.C. Memo 1995-369; 1995 Tax Ct. Memo LEXIS 368; 70 T.C.M. (CCH) 313; August 7, 1995, Filed *368 Decisions will be entered for respondent. For petitioners: Montfort S. Ray. For respondent: Peter M. Ritteman. LARO
LARO
MEMORANDUM FINDINGS OF FACT AND OPINION LARO, Judge: The instant cases were consolidated for purposes of trial, briefing, and opinion. William C. Reichenbach and Kathleen S. Reichenbach (petitioners) separately petitioned the Court to redetermine respondent's determination of deficiencies in, and additions to, their 1991 and 1992 Federal income taxes. Respondent determined the following deficiencies in Federal income tax and additions thereto: William C. Reichenbach, Docket No. 15915-94
Year
Deficiency
Sec. 6651(a)
Sec. 6654 1991
$ 13,184
$ 997
$ 171
1992
12,875
1,374
204
Kathleen S. Reichenbach, Docket No. 15916-94
Year
Deficiency
Sec. 6651(a)
Sec. 6654 1991
$    145
$ 100
--
1992
1,173
293
$  52
Following petitioners' concession that the amounts contained in the subject notices of deficiency are correct, we need only decide whether respondent determined a deficiency under section 6211(a) with respect to each petitioner. We hold she did. Unless otherwise stated, section references are to the Internal Revenue Code *369 in effect for the years in issue. Rule references are to the Tax Court Rules of Practice and Procedure. FINDINGS OF FACT Stipulated facts and exhibits are incorporated herein by this reference. Petitioners resided in Lake, Michigan, when they petitioned the Court. Petitioners failed to file Federal Income tax returns for their 1991 and 1992 taxable years, and respondent audited each petitioner for these years. In connection with the audits, respondent's revenue agent prepared a "substitute return" for each petitioner. The first page of each "return" contained the revenue agent's full name, title, examination group number, and telephone number. On June 10, 1994, respondent issued a separate notice of deficiency to each petitioner. OPINION The burden of proof is on petitioners to show that respondent's determinations set forth in her notices of deficiency are incorrect. Rule 142(a). [1] Petitioners failed to produce any evidence rebutting respondent's determinations, and the record is devoid of evidence disproving these determinations. Accordingly, we must sustain respondent in full, see, e.g., , unless we *370 lack the jurisdiction to do so. The jurisdiction of this Court requires a valid notice of deficiency and a timely filed petition. Sec. 6213(a); ; . As we understand petitioners' argument, the subject notices of deficiency are invalid because they do not contain deficiencies determined by respondent with respect to petitioners. Petitioners argue in their brief that respondent may only determine a deficiency for a taxpayer when she receives *371 a tax return "filled out and filed by the taxpayer." Petitioners also argue in their brief that a revenue agent's preparation of a substitute return does not replace the need for a taxpayer-filed return. We disagree with petitioners' shopworn tax-protester type arguments. A return filed by a taxpayer is not a condition precedent to the determination of a deficiency by respondent. As this Court has previously observed, "the fact that * * * [a taxpayer] failed to file a return will not insulate him [or her] from a determination by the Commissioner that a tax is due and owing". . As declared by the Supreme Court, "Where there has been no tax return filed, the deficiency [under section 6211(a)] is the amount of tax due." ; see also sec. 301.6211-1(a), Proced. & Admin. Regs. Although section 6020(b) allows respondent to prepare a return for a nonfiling taxpayer, it is firmly established that the determination of a deficiency under section 6211(a) does not rest on the preparation of such a return. ; *372 ; see also (even when a substitute return is prepared for a taxpayer, respondent need not use that "return" in determining the taxpayer's deficiency under sec. 6211(a)). For the foregoing reasons, we sustain respondent in full. In so doing, we have considered all other arguments made by petitioners and, to the extent not discussed above, have found them to be without merit. Decisions will be entered for respondent. Footnotes
1. Petitioners argue in their brief that respondent bears the burden of proof because Rule 142(a) is without statutory support. We need not refute petitioners' argument with copious citations. Simply stated, taxpayers such as petitioners generally bear the burden of proof in this Court. ; .↩