T.C. Memo. 1995-495


UNITED STATES TAX COURT


TASHINA BAKER, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

ROBERT R. BAKER, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket Nos. 5931-95, 5932-95.     Filed October 16, 1995.


Tashina Baker and Robert R. Baker, pro sese.

<u>Stuart Spielman</u> and <u>Stephanie R. Jensen</u>, for respondent.


MEMORANDUM OPINION

ARMEN, Special Trial Judge:  These cases were heard pursuant to the provisions of section 7443A(b)(3) and Rules 180, 181, and 182.[1]

These cases are before the Court on respondent's Motion To Dismiss For Failure To State A Claim Upon Which Relief Can Be Granted, filed pursuant to Rule 40 and section 6673(a).

Petitioners resided in Denton, Texas, at the time their petitions were filed in these cases.

Respondent's Notices of Deficiency

By notices dated January 18, 1995, respondent determined deficiencies in, and additions to, petitioners' Federal income taxes for the taxable years 1990, 1991, and 1992, as follows:

Docket No. 5931-95
Tashina Baker

| Year | Deficiency | Addition to tax Sec. 6651(a)(1) |
|------|-----------|---------------------------------|
| 1990 | $454 | $114 |
| 1991 | 611 | 153 |
| 1992 | 623 | 156 |

Docket No. 5932-95
Robert R. Baker

| Year | Deficiency | Additions to tax | |
| | | Sec. 6651(a)(1) | Sec. 6654(a) |
|------|-----------|-----------------|-------------|
| 1990 | $2,490 | $623 | --- |
| 1991 | 2,554 | 639 | $130 |
| 1992 | 2,389 | 597 | 104 |

---

[1] Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the taxable years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

The deficiencies in income taxes are based on respondent's determination that petitioners failed to report income on timely filed income tax returns for the taxable years in issue. Because petitioners were married and domiciled in Texas, a community property state, respondent allocated one-half of the total income for each year, as reconstructed by respondent, to each petitioner. Respondent also determined that all of the total income for each year, except for $900 in 1991 and $1,450 in 1992, is attributable to petitioner Robert R. Baker for self-employment tax purposes. See sec. 1402(a)(5)(A); see also sec. 164(f). It is this latter determination that explains the difference between petitioners regarding the amount of the deficiencies determined by respondent.

The additions to tax under section 6651(a)(1) are based on respondent's determination that petitioners' failure to file timely income tax returns for the years in issue was not due to reasonable cause. The additions to tax under section 6654(a) are based on respondent's determination that petitioners failed to pay the requisite estimated income taxes.

Petitioner Tashina Baker's Petition and Amended Petition[2]

---

[2] The petition filed at docket No. 5931-95 by petitioner Tashina Baker and the petition filed at docket No. 5932-95 by petitioner Robert R. Baker are virtually identical. Similarly, the history of docket No. 5931-95 subsequent to the filing of the petitions parallels exactly the history of docket No. 5932-95. Accordingly, we shall limit our discussion in this Opinion to the petition filed at docket No. 5931-95. It should be understood,
(continued...)

Petitioner[3] filed a petition for redetermination on April
20, 1995. The crux of petitioner's position in the petition
appears to be that the Commissioner may determine a deficiency
against a taxpayer only if the taxpayer first files a return and
that the Commissioner's preparation of a return for the taxpayer
pursuant to section 6020(b) does not obviate the need for a
return filed by the taxpayer himself or herself.

On May 30, 1995, petitioner sua sponte filed an amended
petition. The amended petition includes allegations that wages
are not income because a person's labor is property in which the
person has a basis equal to its fair market value. Thus, the
amended petition alleges in part as follows:

> During the years of 1990, 1991, and 1992 the
> Petitioner did in fact receive payment for services
> actually rendered in a fair market value exchange under
> 26 USC §83, §1001, §1011 and §1012 not comprising
> taxable income, said acts performed as Unalienable
> rights to life, liberty, pursue happiness and acquire
> property, with labor being property.

> At all times during the years of 1990, 1991 and
> 1992 any failure by the Respondent to recognize the
> Unalienable Rights of the Petitioner and the Fair
> Market Value Exchange of [her] labor in accordance with
> 26 USC §83, §1001, §1011 and §1012 would amount to a
> denial of due process and constitutional and civil
> rights violations.

---

[2](...continued)
however, that what we say in respect of that docket applies
equally to docket No. 5932-95.

[3] For the sake of convenience, we will refer to petitioner
Tashina Baker as petitioner. See supra note 2.

At all times during the years 1990, 1991 and 1992 the Petitioner possess[ed] and did possess [her] Sovereign (God-given) Rights to own, acquire and protect [her] private property.

At all times during the years of 1990, 1991 and 1992 the Petitioner possessed and does possess [her] "labor" as property.

Respondent's Rule 40 Motion and Subsequent Developments

As indicated, respondent filed a Motion To Dismiss For Failure To State A Claim Upon Which Relief Can Be Granted. On July 19, 1995, shortly after respondent filed her motion to dismiss, the Court issued an order calendaring respondent's motion for hearing and also directing petitioner to file a proper second amended petition in accordance with the requirements of Rule 34. In particular, the Court directed petitioner to file a proper second amended petition setting forth with specificity each error allegedly made by respondent in the determination of the deficiencies and separate statements of every fact upon which the assignments of error are based.

On August 14, 1995, petitioner filed the following: (1) Objection to respondent's motion, (2) Rule 50(c) statement, and (3) second amended petition. The second amended petition sounds a single theme, of which the following statements are representative:

a return which [does] not "voluntarily assess" [does] not provide the necessary Material Facts upon which the Commissioner [can] determine a tax liability * * *

Therefore Petitioner believing she is a non-taxpayer and not required to file, further shows that

even if she were compelled by law to report, she is not mandated to assess, hence all of the court's rulings on the voluntary assessment aspect of the tax system, and without the voluntary assessment and material facts the government prepared bookkeeping 'dummy/substitute' forms/returns are without a basis in law or fact upon which to rely for the authority to examine or audit. The bookkeeping returns prepared by the Respondent are Forms 1040.  Any issue alleged for failure to report or file is an issue not justiciable in this court, for this court has only been mandated to determine the alleged civil liability, if there is one, after it has exercised its review of the procedures used by Respondent in the determinations made. * * *

    *    *    *    *    *    *    *

     Petitioner states that the Form 1040 has not been authorized by the Office of Management and Budget for the collection of information/return for the Individual Income Tax found in Title 26 United States Code §1, which is a direct tax * * *.

    *    *    *    *    *    *    *

     Petitioner states that she is not identified in the Internal Revenue Code by person, class of persons, and/or activity as a taxpayer (as defined in the internal revenue code) and therefore Petitioner is not subject to an internal revenue tax.

     Petitioner has never been afforded a hearing to determine if she is a "taxpayer" as defined within the definition of the internal revenue code.  Since non-taxpayers are not within the purview of the code they are not subject to any internal revenue tax.  Therefore the above determinations are in error.

     Since I am not that taxpayer, and the respondent has not made such an assertion nor is there any evidence before this Court that I am engaged in any revenue taxable activity, happening or event, for which Congress possess[es] legislative jurisdiction, and for which the Commissioner possess[es] subject matter jurisdiction, the notice of deficiency constitutes a "counterfeit security" and its signer is subject to punishment under Title 18 United States Code Section 552 as a felony.  Since this counterfeit security was sent through the mail the sender has committed mail

fraud.  Since this counterfeit security says that I am liable for a tax without stating how I became liable it constitutes the making of a false statement on a government form in violation of 26 USC Section 7214(7).

Petitioner attached to her second amended petition a number of documents, including some 18 pages of OMB-related documents pertaining to Form 1040 and its various schedules.  Petitioner also attached to her second amended petition an "Affidavit in Commerce".  This document provides in part as follows:

> I was not afforded a judicial hearing of any kind before the appellation of "taxpayer" was bestowed upon me.
>
> To my best knowledge and belief the notice of deficiency served on me is a counterfeit security.
>
> This affidavit in commerce stands as prima facie evidence unless rebutted point by point by the respondent.
>
>      I, Tashina Baker, have personally researched the Notice of Office of Management and Budget Action * * * with its attached Request for OMB Review * * * and its attached Form SF-83 Supporting Statement for Form 1040 for 1992 * * * and it is upon this government Form, the 26 Code of Federal Regulations part 602 and the CFR Index and finding aids that I rebut and refute all presentments made or alleged to have been made to or for me, by the Respondent attempting to make me a taxpayer.

Petitioner's objection and Rule 50(c) statement rely on and incorporate petitioner's "Affidavit in Commerce"; the objection and statement also advance additional arguments of equivalent relevance.

Respondent's motion to dismiss was called for hearing in Washington, D.C., on August 16, 1995.  Counsel for respondent

appeared at the hearing and presented argument on the pending motion. Petitioner did not appear at the hearing; however, as previously indicated, she did file a Rule 50(c) statement.

Discussion

Rule 40 provides that a party may file a motion to dismiss for failure to state a claim upon which relief can be granted. We may grant such a motion when it appears beyond doubt that the party's adversary can prove no set of facts in support of a claim which would entitle him or her to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Price v. Moody, 677 F.2d 676, 677 (8th Cir. 1982).

Rule 34(b)(4) requires that a petition filed in this Court contain clear and concise assignments of each and every error which the taxpayer alleges to have been committed by the Commissioner in the determination of the deficiency and the additions to tax in dispute. Rule 34(b)(5) further requires that the petition contain clear and concise lettered statements of the facts on which the taxpayer bases the assignments of error. See Jarvis v. Commissioner, 78 T.C. 646, 658 (1982). The failure of a petition to conform with the requirements set forth in Rule 34 may be grounds for dismissal. Rules 34(a)(1); 123(b).

In general, the determinations made by the Commissioner in a notice of deficiency are presumed to be correct, and the taxpayer bears the burden of proving that those determinations are erroneous. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115

(1933). Moreover, any issue not raised in the pleadings is deemed to be conceded. Rule 34(b)(4); <u>Jarvis v. Commissioner</u>, <u>supra</u> at 658 n.19; <u>Gordon v. Commissioner</u>, 73 T.C. 736, 739 (1980).

The second amended petition filed in this case does not satisfy the requirements of Rule 34(b)(4) and (5). There is neither assignment of error nor allegation of fact in support of any justiciable claim. Rather, there is nothing but tax protester rhetoric and legalistic gibberish, as demonstrated by the allegations previously quoted. See <u>Abrams v. Commissioner</u>, 82 T.C. 403 (1984); <u>Rowlee v. Commissioner</u>, 80 T.C. 1111 (1983); <u>McCoy v. Commissioner</u>, 76 T.C. 1027 (1981), affd. 696 F.2d 1234 (9th Cir. 1983).

The Court's order dated July 19, 1995, provided petitioner with an opportunity to assign error and allege specific facts concerning her liability for the taxable years in issue. Unfortunately, petitioner failed to properly respond to the Court's order. Rather, petitioner elected to continue to proceed with time-worn tax protester rhetoric. See <u>Abrams v. Commissioner</u>, <u>supra</u>; <u>Rowlee v. Commissioner</u>, <u>supra</u>; <u>McCoy v. Commissioner</u>, <u>supra</u>; <u>Karlin v. Commissioner</u>, T.C. Memo. 1990-496.

We see no need to catalog petitioner's arguments and painstakingly address them. As the Court of Appeals for the Fifth Circuit has remarked: "We perceive no need to refute these arguments with somber reasoning and copious citation of

precedent; to do so might suggest that these arguments have some colorable merit."  Crain v. Commissioner, 737 F.2d 1417, 1417 (5th Cir. 1984).  Suffice it to say that petitioner is not exempt from Federal income tax or from the imposition of appropriate additions to tax, Olsen v. Commissioner, T.C. Memo. 1995-471; see Abrams v. Commissioner, supra at 406-407.  A tax return filed by a taxpayer is not a condition precedent to the determination of a deficiency by the Commissioner, Reichenbach v. Commissioner, T.C. Memo. 1995-369.[4]

Because the second amended petition fails to state a claim upon which relief can be granted, we will grant so much of respondent's motion that moves to dismiss.  See Scherping v. Commissioner, 747 F.2d 478 (8th Cir. 1984).

We turn now to that part of respondent's motion that moves for an award of a penalty against petitioner under section 6673(a).

As relevant herein, section 6673(a)(1) authorizes the Tax Court to require a taxpayer to pay to the United States a penalty not in excess of $25,000 whenever it appears that proceedings have been instituted or maintained by the taxpayer primarily for

---

[4] It is unclear whether petitioner's second amended petition abandoned the argument that "wages are not income".  If petitioner's second amended petition did not abandon this argument, we observe that both this and other Federal courts have consistently and uniformly held for many years that wages are income and that a taxpayer has no basis in his or her labor. E.g., Lonsdale v. Commissioner, 661 F.2d 71, 72 (5th Cir. 1981), affg. T.C. Memo. 1981-122; see sec. 61(a)(1).

delay or that the taxpayer's position in such proceeding is frivolous or groundless.

The record in this case convinces us that petitioner was not interested in disputing the merits of either the deficiencies in income taxes or the additions to tax determined by respondent in the notice of deficiency. Rather, the record demonstrates that petitioner regards this case as a vehicle to protest the tax laws of this country and espouse her own misguided views.

A petition to the Tax Court is frivolous "if it is contrary to established law and unsupported by a reasoned, colorable argument for change in the law." Coleman v. Commissioner, 791 F.2d 68, 71 (7th Cir. 1986). Petitioner's position, as set forth in the second amended petition, consists solely of tax protester rhetoric and legalistic gibberish. Based on well established law, petitioner's position is frivolous and groundless.

We are also convinced that petitioner instituted and maintained this proceeding primarily, if not exclusively, for purposes of delay. Having to deal with this matter wasted the Court's time, as well as respondent's. Moreover, taxpayers with genuine controversies were delayed.

In view of the foregoing, we will exercise our discretion under section 6673(a)(1) and require petitioner Tashina Baker and petitioner Robert R. Baker to each pay a penalty to the United States in the amount of $500. Coleman v. Commissioner, supra at 71-72; Crain v. Commissioner, supra at 1417-1418; Coulter v.

<u>Commissioner</u>, 82 T.C. 580, 584-586 (1984); <u>Abrams v.</u>

<u>Commissioner</u>, <u>supra</u> at 408-411.

In order to reflect the foregoing,

<u>Orders of dismissal and</u>

<u>decisions will be entered.</u>