T.C. Memo. 1995-577


UNITED STATES TAX COURT


ANGELA MATTHEWS, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

RICHARD L. MATTHEWS, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket Nos. 16603-94, 16604-94.     Filed December 4, 1995.


Montford S. Ray, for petitioners.

Jill R. Zimmerman, for respondent.


MEMORANDUM OPINION


FAY, Judge:  These cases were assigned to Chief Special
Trial Judge Peter J. Panuthos pursuant to the provisions of

section 7443A(b)(4) and Rules 180, 181, and 183.[1]  The Court agrees with and adopts the opinion of the Chief Special Trial Judge, which is set forth below.

## OPINION OF THE SPECIAL TRIAL JUDGE

PANUTHOS, Chief Special Trial Judge:  Respondent determined a deficiency in petitioner Angela Matthews' 1991 Federal income tax in the amount of $8,362 and an addition to tax in the amount of $2,091 pursuant to section 6651(a)(1).  Respondent also determined a deficiency in petitioner Richard Matthews' 1991 Federal income tax in the amount of $9,597 and an addition to tax in the amount of $2,399 pursuant to section 6651(a)(1).  Upon motion by the parties, these two dockets were consolidated for trial, briefing, and opinion.  In her Amendment to Answer in each docket, respondent asserted an increased deficiency and addition to tax.  Thus, the amounts of the deficiencies and additions to tax in issue for 1991 are as follows:

### Docket No. 16603-94--Angela Matthews

| Deficiency | Sec. 6651(a)(1) Addition to Tax |
| --- | --- |
| $23,255 | $5,814 |

### Docket No. 16604-94--Richard L. Matthews

| Deficiency | Sec. 6651(a)(1) Addition to Tax |
| --- | --- |
| $41,316 | $10,329 |

---

[1]  All section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure, unless otherwise indicated.

The issues for decision are: (1) Whether petitioners' failure to file Federal income tax returns for 1991 invalidates the notices of deficiency; (2) whether the result in this case is affected by the burden of proof; and (3) whether respondent's motion for the imposition of penalties and costs pursuant to section 6673 should be granted.

Some of the facts have been stipulated, and they are so found. The stipulation of facts and attached exhibits are incorporated herein by this reference. At the time of filing the petitions, petitioners resided in Malvern, Pennsylvania.

Petitioners did not file Federal income tax returns for the 1991 tax year. At some point, petitioners submitted Forms 1040-NR for 1991 to the Internal Revenue Service (IRS). The Forms 1040-NR did not include any tax information.[2] The IRS prepared a substitute for return for each petitioner on Forms 1040 for the 1991 tax year. In their respective petitions for redetermination of the deficiencies, petitioners originally disputed the adjustments as determined by respondent in her notices of deficiency. Counsel for petitioners, Montford S. Ray, entered an appearance in each case on June 12, 1995, the date these cases were called at the calendar call in Philadelphia, Pennsylvania.

---

[2] The Forms 1040-NR were not made part of the record. Petitioners, however, do not appear to dispute respondent's assertion that said forms did not contain relevant tax information.

The cases were set for trial on the following day, June 13, 1995. At the calendar call, petitioner Angela Matthews conceded that she received $59,147 in income during 1991, and petitioner Richard Matthews conceded that he received $113,048 in income during 1991. At trial, petitioners conceded the amounts of the deficiencies and the additions to tax as determined and claimed by respondent.

At trial, Mr. Ray made a number of arguments including: (1) The substitute for return prepared by respondent does not constitute a valid return; (2) the IRS does not have the statutory authority to determine a deficiency since petitioners failed to file returns; (3) petitioners do not bear the burden of proof as mandated by Rule 142(a) because said rule is not explicitly authorized by statute; (4) the IRS is seeking to collect a "penalty * * * in regard to a W-4, which is a subtitle C tax" that is not collectible by the IRS; and (5) the addition to tax is a non-compliance penalty which may only be asserted through an action maintained in U.S. District Court. Respondent argues that petitioners' claims are frivolous and groundless, and asks this Court to impose penalties against petitioners and costs against counsel pursuant to section 6673(a)(1) and (2), respectively. Petitioners oppose respondent's motion as unwarranted and excessive.

At the outset we note that the arguments made by Mr. Ray are without factual and legal foundation and appear to represent a

protest of the Federal tax laws. While all of Mr. Ray's arguments do not require responses or copious citation of precedent (Crain v. Commissioner, 737 F.2d 1417 (5th Cir. 1984), affg. per curiam an order of this Court), we shall, nevertheless, briefly discuss some of the issues raised.

We first address the issue of the validity of the notices of deficiency. Section 6212 provides that "If the Secretary determines that there is a deficiency in respect of any tax imposed by subtitle A or B * * *, he is authorized to send notice of such deficiency to the taxpayer by certified mail or registered mail." Sec. 6212(a). We have construed this statutory language broadly so as to give great latitude to the IRS in making determinations of tax liability. See Giddio v. Commissioner, 54 T.C. 1530, 1533 (1970).

The failure of a taxpayer to file a return does not prevent the Commissioner from determining a deficiency. In Hartman v. Commissioner, 65 T.C. 542, 546 (1975), we stated: "Obviously, the fact that petitioner failed to file a return will not insulate him from a determination by the Commissioner that a tax is due and owing and a civil proceeding based thereon." According to the U.S. Supreme Court, "Where there has been no tax return filed, the deficiency is the amount of tax due." Laing v. United States, 423 U.S. 161, 174 (1976). The argument petitioner has advanced is inconsequential given the clear weight of authority on this issue.

Petitioners argue that there is no authority for requiring them to bear the burden of proof.[3] We note initially that the burden of proof is not in question in these cases. Petitioners have conceded the deficiencies and additions to tax as determined in the notices of deficiency and as claimed by respondent in her amendments to answer. The burden of proof is a device utilized in a legal proceeding to establish which party must come forward with sufficient factual evidence to allow the Court to make its findings. Zirker v. Commissioner, 87 T.C. 970, 978 (1986). Had petitioners not conceded the deficiencies and additions to tax, the burden of proof would have been split between petitioners and respondent.[4] However, in light of petitioners' concession of the deficiencies and additions to tax (including the increased deficiencies and additions claimed by respondent in her amendments to answers), any question as to the burden of proof is

_____

[3] RULE 142. BURDEN OF PROOF

(a) General: The burden of proof shall be upon the petitioner, except as otherwise provided by statute or determined by the Court; and except that, in respect of any new matter, increases in deficiency, and affirmative defenses, pleaded in the answer, it shall be upon the respondent. * * *

[4] Petitioners would have the burden of proof with respect to the deficiencies and additions to tax determined in the notices of deficiency, and respondent would have the burden of proof with respect to new matters raised in respondent's amendments to answers. Rule 142(a); Wayne Bolt & Nut Co. v. Commissioner, 93 T.C. 500, 507 (1989); Zirker v. Commissioner, 87 T.C. 970, 978 (1986); Achiro v. Commissioner, 77 T.C. 881, 890 (1981).

irrelevant.  Mr. Ray's attempt to raise the burden of proof in light of the concessions at trial is patently unreasonable.  As a further matter, we note that, even if the burden of proof were an issue, petitioners' argument is without merit.  There is no question that a taxpayer generally bears the burden of proving that the Commissioner's determination is erroneous.  See <u>Rockwell v. Commissioner</u>, 512 F.2d 882 (9th Cir. 1975), affg. T.C. Memo. 1972-133; <u>INDOPCO, Inc. v. Commissioner</u>, 503 U.S. 79, 84 (1992).

As previously indicated, we will not address Mr. Ray's other arguments.  To do so may suggest that these arguments are tenable.  The Court of Appeals for the Fifth Circuit responded to similar tax protestor arguments as follows: "We perceive no need to refute these arguments with somber reasoning and copious citation of precedent; to do so might suggest that these arguments have some colorable merit."  <u>Crain v. Commissioner</u>, <u>supra</u> at 1417.  The Court of Appeals for the Third Circuit followed <u>Crain v. Commissioner</u>, <u>supra</u>, in <u>Sauers v. Commissioner</u>, 771 F.2d 64, 67 (3d Cir. 1985), affg. T.C. Memo. 1984-367.

The final issue pertains to respondent's motion for penalties and costs pursuant to section 6673.[5]  In their

_____

[5]  Sec. 6673(a) provides:

(1) Procedures instituted primarily for delay, etc.--Whenever it appears to the Tax Court that--

(A) proceedings before it have been instituted or maintained by the taxpayer

(continued...)

respective petitions to this Court, petitioners alleged that respondent's determinations would be refuted by the facts they would present at trial. Petitioners did not present any evidence with respect to income or deductions. In fact, petitioners conceded the adjustments at trial. While respondent alludes to frivolous arguments made by petitioners, the record does not reflect any frivolous or groundless arguments made by petitioners prior to their representation by Mr. Ray. Nor is this Court convinced that the petitions were filed primarily for delay. Therefore, in the exercise of our discretion, we decline to impose penalties pursuant to section 6673(a)(1) against petitioners.

---

[5](...continued)
primarily for delay,

> (B) the taxpayer's position in such proceeding is frivolous or groundless, or

> (C) the taxpayer unreasonably failed to pursue available administrative remedies,

the Tax Court, in its decision, may require the taxpayer to pay to the United States a penalty not in excess of $25,000.

(2) Counsel's liability for excessive costs.-- Whenever it appears to the Tax Court that any attorney or other person admitted to practice before the Tax Court has multiplied the proceedings in any case unreasonably and vexatiously, the Tax Court may require--

> (A) that such attorney or other person pay personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct, * * *

Respondent also seeks to have this Court award costs against Mr. Ray pursuant to section 6673(a)(2)(A).[6]  For a history of section 6673(a)(2) and a full discussion of the standards to be considered, see Harper v. Commissioner, 99 T.C. 533, 545 (1992); see also Murphy v. Commissioner, T.C. Memo. 1995-76; Leach v. Commissioner, T.C. Memo. 1993-215.  We stated in Murphy as follows:

> Section 6673(a)(2) is derived from section 1927 of the Judicial Code, 28 U.S.C. section 1927 (1988), and it has been held that imposition of a sanction under 28 U.S.C. section 1927 requires a "clear showing of bad faith".  See, e.g., Oliveri v. Thompson, 803 F.2d 1265, 1273 (2d Cir. 1986); Kamen v. American Telephone & Telegraph Co., 791 F.2d 1006, 1010 (2d Cir. 1986). However, a minority of Courts of Appeals, including the Court of Appeals for the District of Columbia Circuit, do not require such a showing.  Reliance Ins. Co. v. Sweeney Corp., 792 F.2d 1137, 1138 (D.C. Cir. 1986); see also In Re Ruben, 825 F.2d 977, 983-984 (6th Cir. 1987).  This Court has not decided which standard we will apply. * * * [Fn. ref. omitted.]

We are satisfied that Mr. Ray acted in bad faith.  The position argued by him is frivolous and groundless.  As in Sauers v. Commissioner, petitioners' counsel did not dispute the deficiencies and additions to tax but "raised a litany of legal arguments typical of those asserted by 'tax protesters.'"  Sauers

---

[6]  The failure of this Court to impose sanctions against petitioners pursuant to sec. 6673 does not necessitate a finding that these sanctions should not be levied against counsel for petitioners as well.  To the contrary, we may determine that petitioners' counsel's actions warrant imposition of a sanction despite our failure to impose such sanctions against petitioners. See Harper v. Commissioner, 99 T.C. 533 (1992), in which this Court granted sec. 6673 sanctions against taxpayers' counsel but not against taxpayers.

v. Commissioner, supra at 66. Additionally, counsel had fair notice that costs might be imposed against him for pursuing such frivolous arguments. At trial, after Mr. Ray made his opening statement, the Court read section 6673(a)(2) aloud and gave the following warning:

> The Court simply read that section to you, Mr. Ray, suggesting to you that you proceed at your peril. And if you want to proceed, you certainly may proceed. It may well be that there's something new that I've never seen or heard of before, but I'd, frankly, be surprised.

Despite the warning, Mr. Ray proceeded to present argument with respect to the aforementioned issues. When Mr. Ray asked the Court if briefs could be filed with respect to the issues raised, the Court initially declined. At a later point in the proceeding, the Court indicated that it would permit briefs on the issue of the application of penalties or costs under section 6673. Nevertheless, Mr. Ray submitted a brief which included other arguments previously made. Mr. Ray also indicated in petitioners' brief as follows:

> At trial the undersigned was unaware that no financial information had been included on the Forms 1040 NR filed by Petitioners and would not have argued that said filing constitutes a return. This attorney is without sufficient information on the subject to form an opinion on the matter.

The record in this case demonstrates that petitioners' counsel acted in bad faith. Bad faith relates not only to the commencement of litigation, but to the continuation of litigation vexatiously, wantonly, or for oppressive reasons. Harper v.

Commissioner, supra at 546. Despite being admonished by the Court, Mr. Ray proceeded to make frivolous nonsensical arguments at trial and on brief. His statements with respect to lack of knowledge of matters relating to assertions and arguments made before this Court reflect a failure to carefully review the evidence in this case and do the appropriate research to properly prepare the case.[7] The fact of his having filed an entry of appearance the day before trial is not an acceptable excuse for counsel's action in this case. Such conduct has multiplied the proceedings unreasonably and vexatiously.

We also note that this is not the first time Mr. Ray has appeared before this Court to advance tax protester claims. In Reichenbach v. Commissioner, T.C. Memo. 1995-369, Mr. Ray unsuccessfully argued that "respondent may only determine a deficiency for a taxpayer when she receives a tax return `filled out and filed by the taxpayer.'" Mr. Ray also argued in Reichenbach that respondent bears the burden of proof because Rule 142(a) is without statutory support. The Court explained that these arguments, which are virtually identical to those raised here, are frivolous tax protester claims. Therefore, Mr. Ray was well aware that such claims are frivolous, and yet he continued to advance them in the present case. We conclude

---

[7] See also Rule 33(b); Versteeg v. Commissioner, 91 T.C. 339 (1988); Shamam v. Commissioner, T.C. Memo. 1992-77.

petitioners' counsel acted in bad faith in multiplying the proceedings unreasonably and vexatiously.

The question presented then is the extent to which counsel will be penalized for asserting such frivolous claims.

Attorney's fees awarded under section 6673(a)(2) are to be computed by multiplying the number of excess hours reasonably expended on the litigation by a reasonable hourly rate. The product is known as the "lodestar" amount. * * * [Harper v. Commissioner, 99 T.C. 533, 549 (1992).]

See also Pennsylvania v. Delaware Valley Citizens' Council for Clean Air, 478 U.S. 546, 563 (1986). The standards of rule 11 of the Federal Rules of Civil Procedure are applicable in determining the hourly rate to charge counsel for respondent's excess attorney time. Harper v. Commissioner, supra at 550. Specifically--

The hourly rate properly charged for the time of a government attorney is the "amount to which attorneys of like skill in the area would typically be entitled for a given type of work on the basis of an hourly rate of compensation". [Harper v. Commissioner, supra at 551 (citing United States v. Kirksey, 639 F. Supp. 634, 637 (S.D.N.Y. 1986); citations omitted.]

This Court has inherent authority to reduce or increase the number of hours in respondent's accounting, and to adjust the rate to be applied in determining the lodestar amount. Fed. R. Civ. P. 11; Harper v. Commissioner, supra at 550 n.13.

Respondent submitted itemized affidavits of estimated excess attorney and paralegal time spent on this case with a fee schedule. Specifically, respondent submitted affidavits detailing the time spent on this case as follows:

| Name | Time | Rate | Lodestar Amount |
|------|------|------|-----------------|
| Jill R. Zimmerman[1] | 51 hrs., 21 min. | $100/hr. | $ 5,135.00 |
| Kenneth J. Rubin | 5 hrs., 27 min. | $150/hr. | 817.50 |
| John E. Becker | 12 hrs., 5 min. | $150/hr. | 1,812.50 |
| Lori A. Feldish | 12 hrs., 30 min. | $75/hr. | 937.50 |

TOTAL:                                                          $8,702.50

[1] Jill R. Zimmerman is the docket attorney to whom these cases were assigned.  She commenced employment with respondent's Office of Chief Counsel and was admitted to practice before this Court in Jan. 1995. Kenneth J. Rubin is an Assistant District Counsel and supervised the work of Ms. Zimmerman.  (The record does not reflect the extent of Mr. Rubin's background or experience.)  John E. Becker is a senior trial attorney with a post of duty in Philadelphia.  He has been employed by respondent's Office of Chief Counsel since 1971.  He sometimes served as Acting Assistant District Counsel and supervised the work of Ms. Zimmerman.  Lori A. Feldish is a paralegal and has been employed by respondent's Office of Chief Counsel since Oct. 1987.

Petitioners do not dispute the hourly rates suggested by respondent.  However, petitioners' counsel asserts that respondent's claim for the amount of time expended in this matter is excessive.  Mr. Ray argues that he should not be liable for fees associated with respondent's counsel's "on the job training."

Upon a review of the estimates submitted by respondent, we conclude that not all the time spent by respondent's counsel was due to the misconduct of Mr. Ray.  Respondent's claim of excess attorney and paralegal time exceeds 80 hours.  The attorney assigned to this case (Ms. Zimmerman) indicates in her affidavit that she spent over 51 hours in dealing with this case between June 12, 1995, and August 11, 1995.  A review of the specific

breakdown of hours reflects that the bulk of the time was spent in brief preparation and consultation with her supervisor. A review of the breakdown of hours spent on this matter by the paralegal reflects that the majority of time was allocated to research and consultation with Ms. Zimmerman. Almost the entire time allocated to this case by Messrs. Rubin and Becker relate to advice, discussions, and review provided to Ms. Zimmerman. Given that Ms. Zimmerman, the attorney who had primary responsibility for this case, only commenced employment with respondent's Office of Chief Counsel and was only admitted to practice in this Court in January 1995, we conclude that Mr. Ray should not be responsible for all of the excess time claimed. Based on the entire record, including our substantial experience with "protestor cases", we hold that Mr. Ray is liable for 16 hours and 45 minutes of attorney and paralegal time as follows:

| Name | Time | Rate | Lodestar Amount |
|------|------|------|-----------------|
| Jill R. Zimmerman | 8 hrs., 30 min. | $100/hr. | $ 850.00 |
| Kenneth J. Rubin | 1 hr., 45 min. | $150/hr. | 262.50 |
| John E. Becker | 3 hrs. | $150/hr. | 450.00 |
| Lori A. Feldish | 3 hrs., 30 min | $75/hr. | 262.50 |
| TOTAL: | | | $1,825.00 |

Therefore, respondent's motion for award of damages against petitioners' counsel is granted in the amount of $1,825.

To reflect the foregoing,

An appropriate order will be issued, and decisions for respondent will be entered.