T.C. Memo. 1998-42


UNITED STATES TAX COURT


WILLIAM C. REICHENBACH, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 27706-96.          Filed February 5, 1998.


William C. Reichenbach, pro se.

<u>Lynn M. Brimer</u>, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION

LARO, <u>Judge</u>:  On September 30, 1996, respondent issued a
notice of deficiency to petitioner based on his failure to file
Federal income tax returns for 1993 and 1994 and report income
from the receipt of wages, gain from the sale of property, and
taxable distributions from qualified retirement plans.

Respondent determined deficiencies and additions to tax as follows:

| | | Additions to Tax | |
| Year | Deficiency | Sec. 6651(a)(1) | Sec. 6654 |
|------|-----------|-----------------|-----------|
| 1993 | $37,428 | $6,397 | $1,017 |
| 1994 | 41,918 | 8,829 | 1,782 |

Petitioner petitioned the Court on December 30, 1996, to redetermine respondent's determination of these deficiencies and additions to tax.

We must decide: (1) Whether petitioner is liable for the deficiencies determined by respondent; (2) whether petitioner is liable for the additions to tax determined by respondent under section 6651(a)(1); (3) whether petitioner is liable for the additions to tax determined by respondent under section 6654; and (4) whether petitioner is liable for a penalty under section 6673. We hold for respondent on all issues. We also hold that petitioner is liable for a penalty under section 6673 and require him to pay to the United States a penalty of $5,000. Unless otherwise stated, section references are to the Internal Revenue Code in effect for the years in issue, and Rule references are to the Tax Court Rules of Practice and Procedure. Dollar amounts are rounded to the nearest dollar.

FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. Petitioner resided in Lake, Michigan, when he petitioned the Court.

During 1993 and 1994, petitioner was employed by and received wages from General Motors Corp. totaling $69,805 and $33,183, respectively. On September 16, 1993, petitioner sold property located in Essexville, Michigan, for $79,900. Petitioner had purchased this property in or around 1962 for $15,500. During 1994, petitioner received two distributions from qualified retirement plans: $69,079 from his individual retirement account maintained by Merrill Lynch, and $15,380 from General Motors Hourly-Rate Employees' Pension Trust.[1] During 1993 and 1994, petitioner did not file Federal income tax returns or make any estimated tax payments; petitioner had $11,842 and $6,603, respectively, in Federal income taxes withheld from his wages.

Respondent determined that petitioner should have reported income as follows: For 1993, $69,805 in wages and $73,140 in net capital gains;[2] for 1994, $33,183 in wages and $84,459 in taxable

---

[1] At the end of 1994, petitioner was 58 years old. See sec. 72(t)(2)(A)(i).

[2] The notice of deficiency identifies petitioner's net
(continued...)

distributions.  Respondent also determined that petitioner was liable for additional tax under section 72(t).  After an adjustment for the standard deduction of a married-filing-separate individual, respondent calculated petitioner's 1993 and 1994 tax liabilities at $37,428 and $41,918, respectively. Respondent credits petitioner for $11,842 and $6,603 in Federal income taxes withheld for 1993 and 1994, respectively, to be applied against the determined deficiencies.

## OPINION

As an initial matter, petitioner moved during trial to have his case dismissed for lack of jurisdiction.  He contends that the Court lacks jurisdiction to hear cases involving withholding taxes and that withholding taxes are in issue in this case.  We disagree.  Petitioner failed to file Federal income tax returns and report income.  Petitioner's Federal income tax liabilities are in issue.  Respondent issued a valid notice of deficiency, and petitioner filed a timely petition with the Court. Consequently, the Court has jurisdiction over this case, and we shall deny petitioner's motion.  See secs. 6212, 6213, and 6214; see also Cross v. Commissioner, 98 T.C. 613, 615 (1992); Pyo v. Commissioner, 83 T.C. 626, 632 (1984).

--------

2(...continued)
capital gain as $73,140, based on petitioner's sale of property at a sale price of $79,900 and a basis of $6,760.  Respondent now concedes that petitioner's basis in the property is $15,500, and that his net capital gain is $64,400.

As to all issues, respondent's determinations are presumed correct, and the burden is on petitioner to show that the determinations are wrong.  Rule 142(a); Welch v. Helvering, 290 U.S. 111 (1933).

## I.  Respondent's Deficiency Determination

The first issue for decision is whether petitioner is liable for the deficiencies determined by respondent.  Respondent's deficiency determinations are based on petitioner's receipt of wages, gain from the sale of property, taxable distributions from qualified retirement plans, and the section 72(t) 10-percent additional tax for early distributions from qualified retirement plans.  Instead of attempting to challenge the merits of respondent's determinations, petitioner raises numerous "tax protester" arguments.[3]  We shall not address petitioner's assertions as to the validity of the Federal income tax system "with somber reasoning and copious citation of precedent; to do so might suggest that these arguments have some colorable merit." Crain v. Commissioner, 737 F.2d 1417, 1417 (5th Cir. 1984).

Section 61(a) defines an individual's gross income as "all income from whatever source derived".  Respondent determined that compensation for services, gains derived from dealings in

---

[3]  Among other things, petitioner makes the following arguments:  That wages are not taxable income, and that the Forms W-2 show only "employment taxes withheld" and not any kind of tax owed by him.

property,[4] and distributions from qualified retirement plans[5] were includable in petitioner's gross income for the years in issue, and that the distributions from qualified retirement plans were subject to additional tax under section 72(t). Petitioner presented neither evidence nor argument that showed error in respondent's determinations. Consequently, with the one modification to reflect respondent's concession as to petitioner's increased basis in the property sold, we sustain the deficiencies determined by respondent.

II.  Section 6651 -- Failure To File

Respondent determined that petitioner is liable for additions to tax under section 6651(a)(1). Section 6651(a)(1) imposes an addition to tax for failure to file a return timely unless the taxpayer shows that the failure was due to reasonable cause and not willful neglect. See Kotmair v. Commissioner, 86 T.C. 1253, 1263 (1986). A failure to file timely is due to reasonable cause if the taxpayer exercised ordinary business care and prudence and, nevertheless, was unable to file the return

---

[4] At trial, petitioner testified that he had an additional $21,000 basis in the property due to a corresponding payment made to his ex-wife as part of their divorce settlement. Petitioner submitted no documentation or additional evidence in support of his claim, and we do not find his testimony credible. Therefore, petitioner realized gain in the amount of $64,400, and because petitioner has failed to show any exemption from the recognition of that gain, it is fully includable in his gross income for 1993. See secs. 61(a)(3), 1034, 1221.

[5] See secs. 72, 402(a), 408(d)(1).

within the prescribed time. Sec. 301.6651-1(c)(1), Proced. & Admin. Regs. Willful neglect means a conscious, intentional failure or reckless indifference. United States v. Boyle, 469 U.S. 241, 245 (1985). Petitioner admittedly filed no returns for 1993 and 1994 although the amount of income he received required him to do so. See sec. 6012. We find that petitioner's failure to file was not due to reasonable cause. We sustain respondent's determination on this issue.

III. Section 6654 -- Failure To Pay Estimated Income Tax

Respondent determined that petitioner underpaid his estimated income tax and is liable for additions to tax under section 6654. Where payments of tax, either through withholding or by making estimated tax payments, do not equal the percentage of the total liability required under the statute, imposition of the addition to tax under section 6654 is automatic, absent a showing that the taxpayer has met one of the exceptions contained therein. See Recklitis v. Commissioner, 91 T.C. 874, 913 (1988); Tillman v. Commissioner, T.C. Memo. 1996-8. Because petitioner has not shown that any one of the exceptions applies, we sustain respondent's determination on this issue.

IV. Section 6673--Penalty Awarded by Court

We decide sua sponte to impose a penalty upon petitioner under section 6673(a). Section 6673(a)(1) authorizes the Court to require a taxpayer to pay to the United States a penalty not

in excess of $25,000 whenever it appears that proceedings have been instituted or maintained by the taxpayer primarily for delay or that the taxpayer's position in such proceeding is frivolous or groundless. A position is frivolous "if it is contrary to established law and unsupported by a reasoned, colorable argument for change in the law." Coleman v. Commissioner, 791 F.2d 68, 71 (7th Cir. 1986).

Petitioner persisted in maintaining his frivolous arguments throughout this proceeding, even after being warned by the Court and after having received notice from the Court in a prior case.[6] On the basis of the record, we conclude that the proceedings herein were instituted primarily for delay and that petitioner's position is both frivolous and groundless. Accordingly, we exercise our discretion and award a penalty to the United States under section 6673 in the amount of $5,000. See Coulter v. Commissioner, 82 T.C. 580, 584-586 (1984); Abrams v. Commissioner, 82 T.C. 403, 408-411 (1984).

We have reviewed petitioner's other arguments and find them to be without merit.

To reflect the foregoing,

---

[6] Petitioner was before this Court in Reichenbach v. Commissioner, T.C. Memo. 1995-369, affd. without published opinion 99 F.3d 1139 (6th Cir. 1996). In that case, we found petitioner's "shopworn tax-protester type arguments" to be without merit.

An appropriate order will be issued, and decision will be entered under Rule 155.