T.C. Memo. 1999-215



UNITED STATES TAX COURT



A. MUHSIN & B. JACKSON MUHSIN, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 22803-97.                     Filed July 1, 1999.



A. Muhsin, pro se.

<u>Ruth Spadaro</u>, for respondent.



MEMORANDUM OPINION


PANUTHOS, <u>Chief Special Trial Judge</u>:  This case was heard

pursuant to section 7443A(b)(3)[1] and Rules 180, 181, and 182.

_____

[1]  Unless otherwise indicated, all section references are
to the Internal Revenue Code in effect for the years in issue.
All Rule references are to the Tax Court Rules of Practice and
Procedure.

Respondent determined a deficiency in petitioners' 1995 Federal income tax in the amount of $3,272 and an accuracy-related penalty under section 6662(a) for negligence or intentional disregard of rules or regulations in the amount of $654.

The issues for decision are as follows:

(1)  Whether petitioners are entitled to certain claimed itemized deductions.

(2)  Whether petitioners are entitled to certain claimed Schedule C deductions.

(3)  Whether petitioners are entitled to an earned income tax credit.

(4)  Whether petitioners are liable for the accuracy-related penalty under section 6662(a) for negligence or intentional disregard of rules or regulations.

Background

Petitioners resided in Trenton, New Jersey, at the time the petition was filed.  In their amended petition, petitioners assert the following:

> All the adjustments made are incorrect.  IRS had no grounds for making any changes in my report as submitted.  IRS had no reference and/or informations over and above my report to justify any claim(s) of deficiency.

The amended petition was filed in this case on January 20, 1998.  Respondent's answer was filed February 2, 1998.  By notice

dated August 12, 1998, this case was set for trial at a session commencing in Philadelphia, Pennsylvania, on November 2, 1998. At the calendar call, petitioner Abdus-Salaam Muhsin (petitioner) appeared and orally moved for a continuance. Respondent's counsel advised that petitioners had not communicated and cooperated with respondent's counsel. The Court advised petitioner of the requirement to communicate and cooperate with respondent's representatives. Also the Court was advised that petitioner was in the process of talking with a representative of the Villanova Tax Clinic.[2] Based on these circumstances, including the indication that petitioners would cooperate in an attempt to settle and/or narrow the issues, the case was continued from the November 2, 1998, Philadelphia, trial session.

The matter was not resolved. The case was again set for a trial session beginning February 22, 1999, in Philadelphia. Petitioner appeared at the calendar call and made an oral motion to dismiss the case for lack of jurisdiction and, in the alternative, a motion for a continuance. The Court denied the motions and set the matter for trial on the afternoon of February 22, 1999. When the case was called for trial, petitioner and counsel for respondent appeared. Petitioner provided the Court

---

[2] An attorney from the clinic advised the Court that he was considering entering an appearance depending upon his communications with petitioners. The clinic attorney did not enter an appearance in this matter.

with a trial memorandum. Petitioners enumerated seven numbered issues in the memorandum, none of which related to the adjustments in the notice of deficiency. The issues set forth by petitioners related to the authority of the Internal Revenue Service (IRS) to proceed in this matter and the jurisdiction of this Court. Respondent's counsel advised the Court that petitioners had failed to respond to attempted communications.

Upon a review of petitioners' trial memorandum, the Court advised petitioner that it was incumbent upon him to address the adjustments set forth in the notice of deficiency. The Court explained that petitioners needed to present evidence, by way of testimony or documents, with respect to the adjustments. The Court further explained that petitioners would be given a limited opportunity to present argument relating to issues set forth in their trial memorandum and that the Court might consider imposing a penalty under section 6673(a)(1) if petitioners pursued arguments that were primarily for delay or were frivolous or groundless.

A review of this record, which includes a copy of petitioners' 1995 Federal income tax return and the notice of deficiency dated August 27, 1997, reflects that petitioner is an Islamic religious leader (an Imam) in the Trenton, New Jersey, community. Petitioner asserts that he travels to places of worship and conducts visitations on a daily basis. Petitioner

reported gross receipts from this activity in the amount of $3,121 and expenses of $7,923. Petitioners also reported wages of $30,322 and total itemized deductions of $13,734. With respect to the itemized deductions, respondent disallowed $4,211 of claimed charitable contribution deductions and $8,173 of miscellaneous itemized deductions. The above adjustments, which caused an increase in the taxable income, resulted in a computational adjustment reducing the earned income credit to zero.

Discussion

Petitioners, despite having been admonished by the Court, did not present any evidence (documents or testimony) to support entitlement to the claimed deductions. As we have stated on many occasions, deductions are a matter of legislative grace, and a taxpayer bears the burden of proving that he is entitled to any deductions claimed. See INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992). To the extent that petitioner suggests that the IRS does not have the power to examine tax returns or that this Court does not have jurisdiction, we see no need to refute such arguments which have no colorable merit. See Crain v. Commissioner, 737 F.2d 1417 (5th Cir. 1984). The Court of Appeals for the Third Circuit indicated approval of Crain v. Commissioner in Sauers v. Commissioner, 771 F.2d 64, 67 (3d Cir. 1985), affg. T.C. Memo. 1984-367; see also Matthews v.

Commissioner, T.C. Memo. 1995-577, affd. without published opinion 106 F.3d 386 (3d Cir. 1996). Since there is no evidence in this record from which the Court can make findings as to petitioners' claimed deductions, respondent's determination is sustained.

Respondent determined petitioners were liable for the accuracy-related penalty under section 6662(a) for 1995. The accuracy-related penalty is equal to 20 percent of any portion of an underpayment of tax required to be shown on the return that is attributable to the taxpayer's negligence or disregard of the rules or regulations. See sec. 6662(a) and (b)(1). "Negligence" consists of any failure to make a reasonable attempt to comply with the provisions of the Internal Revenue Code. Sec. 6662(c). "Disregard" consists of any careless, reckless, or intentional disregard. Id.

It is the taxpayer's responsibility to establish he is not liable for the accuracy-related penalty imposed by section 6662(a). See Rule 142(a); Tweeddale v. Commissioner, 92 T.C. 501, 505 (1989). Petitioner failed to explain adequately the nature of his business and how claimed expenses related to that business. He further failed to present any evidence as to itemized deductions. On the basis of the entire record, we conclude that petitioners have not established the underpayment of tax was due to reasonable cause and that they acted in good

faith.  Accordingly, we hold petitioners are liable for the accuracy-related penalty.

The Court hereby puts petitioners on notice that in any future proceedings instituted by them primarily for delay, or where their position in such proceeding is frivolous or groundless, they will be subject to a penalty not in excess of $25,000 pursuant to section 6673.

To reflect the foregoing,

<u>Decision will be entered for respondent</u>.